# MOFFITT *v.* KELLY, TREASURER OF ALAMEDA COUNTY, CALIFORNIA.

ERROR TO THE SUPREME COURT OF THE STATE OF
CALIFORNIA.

No. 37.   Argued November 4, 1910.—Decided November 28, 1910.

The Constitution of the United States does not, as a general rule, control the power of the States to select and classify subjects for taxation; and vested rights which cannot be impaired by subsequent legislation may still be classified for, and subjected to, taxation.

A State may classify for taxation estates passing by will or intestacy and include therein property held as community property by husband and wife at the time of the death of the husband and becoming completely vested in the wife, without violating either the

contract, due process, or equal protection provision of the Constitution; the mere fact that the wife had a preëxisting right of property creates no exemption from taxation if the selection of that class of estates is legal.

In determining whether a tax imposed by a State is constitutional, this court is not concerned with the designation of the tax or whether the thing taxed may, or may not, have been mistakenly brought within the law; it is confined solely to determining whether the State has power to levy a tax on the subject taxed.

The nature and character of the right of a wife in community property for the purpose of taxation is a peculiarly local question, and the determination of the state court in regard thereto is not reviewable by this court.

The law of California of 1905, taxing all property passing by will or intestacy, having been construed by the highest court of that State as applying to the surviving wife's share of the community property, this court holds that such tax is not in conflict with either the contract, due process or equal protection clause of the Constitution of the United States.

153 California, 359, affirmed.

JAMES MOFFITT was married in California in the year 1863 and there resided with his wife until his death on October 25, 1906. He left a large amount of property, all of which formed part of the community which existed between himself and his wife. By a will, duly admitted to probate, Moffitt disposed of all his estate to his wife and children in the same proportions as if he had died intestate.

The probate court held that "the interest of the widow in the community property of herself and her deceased husband" was subject to be taxed under a law of California of 1905, which taxed all property passing by will or in case of intestacy from any person who may die seized or possessed of the same. A tax of $26,684.57 was thereupon assessed as against Mrs. Moffitt's one-half interest in the estate and an order was entered directing payment of the tax by the executors. An appeal was taken to the Supreme Court of California. The single

question presented by the appeal, as stated in the opinion of the Supreme Court, was "whether the surviving wife's share of the community property is subject to this inheritance tax." The question was answered in the affirmative. In an opinion denying an application for a rehearing the court also adversely disposed of the contention that the enforcement of the tax would violate the contract clause or the equal protection and due process clauses of the Constitution of the United States. 153 California, 359. The case was then brought to this court.

*Mr. Warren Olney* for plaintiffs in error.

*Mr. Robert A. Waring,* with whom *Mr. U. S. Webb,* Attorney General of the State of California, was on the brief, for defendant in error.

Mr. Justice White, after making the foregoing statement, delivered the opinion of the court.

While the plaintiffs in error rely on both the contract clause and the equal protection clause of the Constitution, the latter contention is in substance but an incident, and the former is the fundamental proposition counted on to procure a reversal. We come, however, separately to consider the two contentions.

1. *The alleged violation of the contract clause.*—Considered merely subjectively, the contention is that the rights vested in the wife as a partner in the community existing by virtue of the constitution and laws of the State of California governing at the time of the marriage were contractual rights of such a character that they could not be essentially changed or modified by subsequent legislation without impairing the obligations of the contract, and thereby violating the Constitution of the United States.

But even although this theoretical proposition be fully conceded, for the sake of the argument, it is apparent that it is here a mere abstraction, and is therefore irrelevant to the case to be decided. We say this because there is no assertion of the giving effect to any law enacted subsequent to the contracting of the marriage which purports to essentially modify the rights of the wife in and to the community, as those rights existed at the time the marriage was celebrated. This is so because the state law, the enforcement of which it is asserted will impair the obligation of the contract, is merely a law imposing a tax. It is evident, therefore, when the contention is concretely considered, it involves but a single proposition, that is, that the State of California could not, without violating the Constitution of the United States, impose a tax on the share of the wife in the community property on the occasion of the cessation by the death of the husband of his dominion and control over the common property and the consequent complete vesting in enjoyment of such share in the wife. But in every conceivable aspect this proposition must rest upon one or both of two theories, either that the nature and character of the right or interest was such that the State could not tax it without violating the Constitution of the United States, or that if it could be generically taxed without violating that instrument, for some particular reason the otherwise valid state power of taxation could not be exerted without violating the Constitution of the United States. The first conception is at once disposed of by saying that it is elementary that the Constitution of the United States does not, generally speaking, control the power of the States to select and classify subjects of taxation, and hence, even although the wife's right in the community property was a vested right which could not be impaired by subsequent legislation, it was, nevertheless, within the power of the State, without violating the Constitution of the

United States, in selecting objects of taxation, to select the vesting in complete possession and enjoyment by wives of their shares in community property consequent upon the death of their husbands, and the resulting cessation of their power to control the same and enjoy the fruits thereof. And this also disposes of the second conception, since if the State had the power, so far as the Constitution of the United States was concerned, to select the vesting of such right to possession and enjoyment as a subject of taxation, clearly the mere fact that the wife had a preëxisting right to the property created no exemption from taxation if the selection for taxation would be otherwise legal. It follows, therefore, that the mere statement of the contention demonstrates the mistaken conception upon which, in the nature of things, it rests.

It is said, however, that the reasoning just stated, while it may be abstractly sound, is here inapplicable, because the thing complained of in this case is that the State of California has imposed an inheritance tax upon the share of the wife in the community and thereby taxed her as an heir of her husband, when if the laws existing at the time of the celebration of the marriage be properly construed and be held to be contractual she took her share of the property on her husband's death, not as an heir to property of which he was the owner, but by virtue of a right of ownership vested in her prior to the death of the husband, although the right to possess and enjoy such property was deferred and arose only on his death. But for the purpose of enforcing the Constitution of the United States we are not concerned with the mere designation affixed to the tax which the court below upheld, or whether the thing or subject taxed may or may not have been mistakenly brought within the state taxing law. We say so because in determining whether the imposition of the tax complained of violated the Constitution of the

United States, we are solely confined to considering whether the State had the lawful power, without violating the Constitution. of the United States, to levy a tax upon the subject or thing taxed. This being true, as it clearly results from what we have said that the vesting of the wife's right of possession and enjoyment arising upon the death of her husband was subject to be taxed by the State, so far as the Constitution of the United States was concerned, it follows that whether the tax imposed was designated or levied as an inheritance tax or any other is a matter with which we have no concern. To make this, if possible, clearer by an illustration we say that our view just expressed as to the operation and effect of the Constitution of the United States upon the tax in question would not be in the slightest degree changed, although it were to be hypothetically conceded that on an analysis of the constitution and laws of California concerning the community between husband and wife, in force at the time of the marriage of the Moffitts, we should conclude that the nature and character of the rights of the wife in the community property, if correctly interpreted, were such that on the death of the husband the share coming to the wife would not be liable to taxation under a taxing law like the one under consideration. This would be the case, because as there was state power to tax, so far as the Constitution of the United States was concerned, the question whether or not the wife's interest under the circumstances was correctly subjected to the tax was a purely state question not involving any violation of the Constitution of the United States, and which therefore we have no right to review. The controlling effect of the reasoning which we have just stated was pointed out and the mistaken conception upon which the contentions of the plaintiffs in error rest was indicated in *Castillo* v. *McConnico*, 168 U. S. 674, 683.

2. The contention pressed in argument as to the equal

protection of the law clause substantially denies the right of the State to impose any tax on the share of the wife in the community property resulting from the termination of the community by the death of the husband, or in substance assumes that we have the right to review the action of the state court in deciding that the tax law which it enforced was applicable. We say this because the entire argument proceeds upon the contention that as the share of the wife in the community property was a vested interest during the life of the husband, it could not on the death of the husband be taxed differently from any other property, viz., according to value, without violating the constitution of California and creating an inequality repugnant to the Constitution of the United States. But this merely rests upon the mistaken conception previously disposed of, since the nature and character of the right of the wife in the community for the purpose of taxation was peculiarly a local question which we have no power to review.

*Affirmed.*