NICKEL ET AL., AS TRUSTEES, &c., ET AL. *v.* COLE, AS STATE CONTROLLER OF THE STATE OF NEVADA.

NICKEL ET AL., AS TRUSTEES, &c., ET AL. *v.* STATE OF NEVADA.

ERROR TO THE SUPREME COURT OF THE STATE OF NEVADA.

Nos. 268, 269.   Argued March 24, 1921.—Decided April 25, 1921.

1. Remainder interests which vested after a state transfer tax law was approved but before the time when, as construed by the state Supreme Court, it became effective, but which nevertheless were

subjected to it by that court upon the theory that the vesting actually occurred after it became effective, are not to be regarded as taxed thereby in violation of the Fourteenth Amendment, (even assuming that such a tax may not be laid retroactively), since the law might have been made applicable before the interests vested. P. 224.

2. A decision of a state court made upon grounds having no relation to any federal question and without purpose to evade a federal issue, will be accepted by this court, whether right or wrong, when the case comes here for review. P. 225.

43 Nevada, 12, affirmed; petition for writ of certiorari denied.

ERROR to review judgments of the Supreme Court of Nevada sustaining taxes laid under the state transfer tax act upon remainder interests claimed to have vested before the effective date of the statute. The facts are stated in the opinion.

*Mr. Edward F. Treadwell,* with whom *Mr. Azro E. Cheney* was on the brief, for plaintiffs in error.

*Mr. Leonard B. Fowler,* Attorney General of the State of Nevada, with whom *Mr. Robert Richards* and *Mr. Wm. C. Prentiss* were on the brief, for defendants in error.

*Mr. Garret W. McEnerney,* by leave of court, filed a brief as *amicus curiæ.*

MR. JUSTICE HOLMES delivered the opinion of the court.

The first of these suits was brought by the Controller of Nevada to collect a transfer tax alleged to be due under a statute of Nevada approved on March 26, 1913, to take effect thirty days from that date. Nevada Stats. of 1913, c. 266, p. 411. The second suit was brought to quiet title to the shares of stock in respect of which the tax was assessed—to establish that there was no lien upon or claim against them for the tax. The two cases were

heard together in the state courts and here upon the same facts. The Supreme Court of Nevada held that the tax was due and decided in favor of the State. The parties on the other side had set up and claimed immunity under the Constitution of the United States, especially the Fourteenth Amendment, and brought the cases here by writ of error. By way of caution they also filed a petition for certiorari which has not yet been passed upon by this Court.

The facts are these: Henry Miller, a resident of California, was the owner of 119,875.75 shares of the stock of Miller & Lux, Incorporated, a Nevada corporation. Miller & Lux, Inc., owned the stock of the Pacific Live Stock Company, a California corporation, and the latter owned real estate and personal property in Nevada appraised at $1,431,326.86. On April 17, 1913, after the above mentioned statute had been passed but before it went into operation, Miller in California made a will, and at the same time a deed of trust conveying his stock to the plaintiffs in error, in trust for himself for life and after his death upon limitations similar to those in his will—any payment under the will to be in satisfaction of the provisions both in the will and in the deed. The deed contained no power of revocation. The stock was endorsed and delivered to the trustees and thereafter was retained by them. Miller died on October 14, 1916. The statute imposes a tax upon the transfer of all property which shall pass in trust or otherwise by will or by statutes of inheritance or by deed or gift made without valuable and adequate consideration in contemplation of the death of the grantor or donor, or to take effect in possession or enjoyment at or after such death.

The plaintiffs in error admit that if the statute had been in operation at the time of the transfer the tax would have been due, so that it is not necessary to go into further particulars about the act. But they say that the

interest of the remaindermen after the death of Miller vested upon the execution of the deed and that therefore the statute did not apply to them, and could not do so consistently with the Constitution of the United States.

We shall not discuss the postulate of the argument for the plaintiffs in error—the notion that a tax upon transfers imposed by a statute passed after the transfers had taken place would be void. In this case the statute was passed before the date of the deed of trust and therefore undeniably could have been drawn so as to tax the transaction. Reading as it did it possibly might have been construed as doing so, notwithstanding the postponement of the date for its going into operation, and so construed would have been good as against constitutional objections.

But the plaintiffs in error say that what we pronounce possible is not what the Supreme Court of Nevada did. The Supreme Court of Nevada seems to have conceded that if the interest of those who took upon Miller's death was vested when the deed was delivered the statute did not and perhaps could not apply. They reached the result by holding that the execution of the deed and will was one transaction and gave no vested right until Miller's death. Thereupon the plaintiffs in error say that the above limitation to the statute being admitted the State Court could not avoid the supposed constitutional difficulty by assuming a view of the instrument that is deemed to be plainly untenable, as held by the Chief Justice dissenting, and contrary to the law of California where the parties lived and the transfer was made. *Nickel* v. *State*, 179 California, 126. But the answer to this is that when as here there can be no pretence that the Court adopted its view in order to evade a constitutional issue, and the case has been decided upon grounds that have no relation to any federal question, this Court accepts the decision whether right or wrong. *Enterprise*

*Irrigation District* v. *Farmers Mutual Canal Co.*, 243 U. S. 157, 164. And when, as here, the statute unquestionably might have made the tax applicable to this transfer, we do not inquire very curiously into the reasoning by which the statute is held to justify the tax. "As there was state power to tax . . . the question whether or not the interest [of the plaintiffs in error] under the circumstances was correctly subjected to the tax was a purely state question." *Moffitt* v. *Kelly*, 218 U. S. 400, 405. The plaintiffs in error contend that this Court is "concerned . . . solely with the effect and operation of the law as put in force by the State." *Corn Products Refining Co.* v. *Eddy*, 249 U. S. 427, 432. The operation of the law if construed to cover this case infringes no constitutional rights.

> *Judgments affirmed.*
> *Writs of Certiorari denied.*

MR. JUSTICE McKENNA dissents.

MR. JUSTICE CLARKE took no part in the decision of this case.