## ALLEN, Collector of Internal Revenue, v. HENGGELER.*

Circuit Court of Appeals, Eighth Circuit.
March 25, 1929.

No. 8218.

Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (James C. Kinsler, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., and C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

George B. Thummel, of Omaha, Neb. (Otto F. Walter, of Columbus, Neb., on the brief), for appellee.

Before KENYON, Circuit Judge, and JOHNSON and McDERMOTT, District Judges.

McDERMOTT, District Judge. The plaintiff below (appellee here) brought this action against the collector of internal revenue of Nebraska to recover $1,240.71, paid by the plaintiff as administrator of the estate of George Henggeler on account of the federal estate tax. The collector declined to deduct the widow's one-third share set apart by the statutes of Nebraska. The plaintiff claims that such one-third interest vested in the wife at the time of her marriage; that it came to her, not by reason of her husband's death, but by virtue of the statutes of Nebraska and her marriage; that Congress has no power to assess her property upon the occasion of her husband's death; that such is a direct tax, in violation of section 9, article 1, of the Constitution, and in violation of the due process clause of the Fifth Amendment. It is alleged in the petition that the Supreme Court of Nebraska, in construing the statutes of Nebraska, has held that the wife "was, during the lifetime of said George Henggeler, vested with an absolute title inchoately to one-third of all of said estate, and that, as to such one-third

*Rehearing denied June 17, 1929.

interest, the said George Henggeler, deceased, until his death, held the title thereto for the use and benefit of the said Magdalena Henggeler, as the beneficial owner thereof, and, at his death, the absolute ownership and right to the possession thereof became complete in the said Magdalena Henggeler, by right and because of the marriage relation, and not by inheritance."

Plaintiff then alleges that section 302 of the Revenue Act of 1924 (26 USCA § 1094, note) should not be construed to include such interest of the widow, and, if construed to so include it, the section is violative of the constitutional provisions above referred to, and also section 2 of article 1, which provides that direct taxes must be apportioned among the states according to population. It is further alleged that the 1924 law cannot constitutionally operate on a property interest which vested in her prior to its enactment. The petition does not disclose how much of this estate is in personal or real property.

The trial court overruled a demurrer to the petition; the defendant declined to further plead; and judgment was rendered as prayed for. This appeal follows.

Section 302 of the Revenue Act of 1924 provides:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

Paragraph (a) above has been construed to be in the conjunctive; to fall within it, the deceased must have (1) an interest in property at the time of his death; which must be (2) subject to charges against his estate; and (3) which must be subject to distribution. United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. It has been held that a life estate in a decedent is not subject to the tax, for such estate is neither subject to the payment of debts nor subject to distribution. Blount v. U. S., 59 Ct. Cl. 328. In the present case, the husband undeniably has an "interest" in this property at the time of his death; the

Nebraska statute in terms makes the interest "subject to his or her debts" (Comp. St. 1922, § 1220), and likewise in terms provides, as to real estate, that it "shall descend * * * to the husband or wife" (Comp. St. 1922, § 1220), etc. As to personal property, the Nebraska statute expressly provides that it "shall be applied and distributed * * * in the same proportions to the same persons as prescribed for the descent of real estate" (Comp. St. 1922, § 1222). The statute (Comp. St. 1922, § 1225) further provides that "her right to inherit" may be cut off by antenuptial contract. There is no need to resort to judicial construction of such plain and unambiguous provisions. The property here involved is subject to the payment of debts of the deceased, and subject to distribution.

Paragraph (b) reaches expressly the interest of the surviving spouse, as dower, curtesy, or by virtue of any statute creating an estate in lieu of dower or curtesy. Unless this paragraph be unconstitutional, the government must prevail. The appellee relies upon Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081, in which it was held that Congress could not tax property in which the deceased had no interest at his death, and which had not been transferred in anticipation of death. If the decedent had no interest in this property which ceased at his death, Congress cannot tax it. Our inquiry should be directed to the question of whether the deceased had any interest in this one-third at his death; if he did, it is taxable under either (a) or (b); and, if so, whether the measure of the tax is unconstitutionally arbitrary.

The case was argued on the assumption that there is a conflict between the state and federal decisions. There is no room for conflict in this case. Each jurisdiction has its own field, and in that field it is supreme. That the state statutes and decisions are binding on the federal courts, as to the interest which the wife and husband have in his property, is not open to dispute. Warburton v. White, 176 U. S. 484, 20 S. Ct. 404, 44 L. Ed. 555; U. S. v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285.

Where the state courts have construed community property statutes to mean that husband and wife are substantially tenants in common, the federal courts will so treat the husband's interest, Bek v. Miller, 56 App. D. C. 36, 8 F.(2d) 797, Treas. Dec. 3138, 3596, 3891, while, if the state courts, under similar statutes, hold the husband's title is more than that of a cotenant, the federal courts will so

treat his interest, Talcott v. U. S. (C. C. A.) 23 F.(2d) 897. In every case, the state statutes and state decisions are looked to for the purpose of determining the quantity and quality of the decedent's interest in property left by him.

But, when that quantity and quality is found, then the federal courts must determine whether such interest is taxable under the federal estate tax law. It would indeed be unthinkable to hold that, under this federal taxing law, an identical interest of the decedent (as determined by the state courts) should be taxed in Kansas and not in Nebraska, because the courts of the two states differently construe their own *state* inheritance tax laws.

Our first task, then, is to ascertain the interest of the *decedent*, if any, in and to the wife's one-third which ceased at his death. The amount and character of the wife's interest in such one-third, how and when it arose, is not the primary inquiry here. The inquiry here is, What interest did the *husband* have in this property which ceased at his death? The wife's interest is of importance only as it may cut down the husband's interest, for, of course, there cannot be more than one whole interest.

█ It has been conclusively determined that the federal estate tax is not levied on the right of inheritance; it is levied and measured by the interest or rights cut off by death. In Y. M. C. A. v. Davis, 264 U. S. 47, 44 S. Ct. 291, 68 L. Ed. 558, the Supreme Court said:

"It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. Knowlton v. Moore, 178 U. S. 41, 48, 49 [20 S. Ct. 747, 44 L. Ed. 969]."

And in Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564:

"It comes into existence before and is independent of the receipt of the property by the legatee. It taxes, as Hanson, Death Duties, puts it in a passage cited in 178 U. S. 49, 20 S. Ct. 751, 44 L. Ed. 969, 'not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death.'"

To the same effect see N. Y. Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660, and Chase National Bank v. U. S., 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. ——.

Decisions under state laws taxing the right of succession or taxing property which passes by will or inheritance are therefore not in point; neither are decisions which declare that the rights of the widow are more than those of an heir, in that the latter may be cut off by conveyance or will. Decisions of this and other circuits that a dower right is a valuable consideration for a contract involving its surrender are of no assistance in determining the interest of the husband.

█ Starting with the proposition that all of the incidents of ownership are in the owner, we find that the Nebraska statute in question has impaired them to this extent:

(1) Real estate, of which the husband is seized of an estate of inheritance during the marriage, or in which he possessed either a legal or equitable interest at death, which has not been conveyed by husband and wife while residents of the state, or by the husband while the wife was a nonresident, and *which has not been sold on execution or judicial sale,* and which has not been lawfully devised, shall descend (under the circumstances here) one-third to the wife.

It is then provided that "the right of a married man or woman to inherit a part or all of the real estate * * * may be barred by a conveyance executed" as above provided, and "by the sale of such real estate under execution or other judicial sale, during the life time of the owner of the title."

(2) Personal property, of which the husband shall die possessed, and not lawfully disposed of by will, shall be distributed as provided therein. (It will be noted that there is no provision for the resident wife joining in a conveyance of personal property, and the statute does not operate on personal property of which the husband was possessed "during his marriage" as in the case of real estate.)

(3) The right is given the widow to elect to take under the law, notwithstanding any will.

(4) The wife's interest in both real and personal property is subject, first, to the payment of the debts of the husband's estate, which includes the costs of administration.

The Nebraska decisions have done no violence to the plain intendment of these statutes. The Supreme Court of that state held that the wife's interest was not subject to the state inheritance tax law, in a case which is the backbone of appellee's position. The court said:

"Under the present law the interest of the wife in the personal property of her husband is similar to that of a silent partner. The husband is, in effect, the managing agent

and has control of the property. He can sell and dispose of it, or he may exchange it for other property. But at his death her interest therein comes to her in her own right. It does not pass to her by will, or by the intestate laws of the state. The husband cannot deprive her of that right. Gaster v. Estate of Gaster, 92 Neb. 6 [137 N. W. 900].

\* \* \*

"It has been held by the great weight of authority that dower is not immune because it is dower, but because it, like the right to the homestead, and to the distributive share of the widow of the estate of her deceased husband, belonged to her inchoately during his life, and vested fully in her at his death. The widow's share of the estate of her deceased husband, by the present inheritance law, is given to her in lieu of dower, and it follows that the interest of the appellant in her deceased husband's estate, both real and personal, comes within the test of immunity.

"Under the present statute the wife takes her interest in the estate of her deceased husband by operation of law. She cannot be deprived of that interest by his will. It is something which belongs to her absolutely and independently of any right of inheritance or succession. Strictly speaking, the widow's share should be considered as immune, rather than exempt, from an inheritance tax. It is free, rather than freed, from such tax. It is not excepted from the taxable class because it never was in such class. Like all debts, taxes, costs, expenses and other similar items, it is deducted before any inheritance tax is assessed. The share of the realty and personalty, which under our law go to the widow independent of any will or act of the husband, is not, so to speak, a part of his estate, and is no more liable to a succession tax at his death than is her individual property derived from her own ancestors and held in her own name, though the husband may have had the management and control of the estate during his lifetime." In re Straham, 93 Neb. 828, 142 N. W. 678.

This is the most favorable description of the wife's rights in the Nebraska decisions. Yet there is nothing in that decision, or any other, that alters the very substantial rights which, under the Nebraska statute, the husband enjoys in this one-third interest, during his lifetime, and which cease at his death; and, it must always be remembered, the federal estate tax law operates on rights that cease, and not rights that accrue, upon death. Giving full weight to the Nebraska court's description of the wife's interest, the facts

still remain that the husband has at least the following very substantial rights in such property:

He has the exclusive right of possession; the exclusive right to the income incident thereto; all of it can be taken for his debts; he has therefore the exclusive right to use it as a basis for credit; he has the right to have it all applied to the payment of his debts upon his death; as to the personal property, he has the further and exclusive right of transfer and disposition and of gift, and can likewise convey real estate if his wife is not a resident of Nebraska; he has the power to convey real estate, without his resident wife's signature, and put his purchaser into possession, and, if his wife predeceases him, the title is absolute. He has every right of ownership, save that he cannot will it without her consent; and, as to real estate with a resident wife, his deed is conditioned on him outliving her; and, perhaps, he cannot give away or dissipate property in fraud of her.

These rights of the husband are among the most valuable incidents of ownership. The right of possession and enjoyment of the income, the right to use it as a basis for credit, and the right to pay his debts with it, are most important attributes of ownership. And these are all "interests" which he enjoys in his own property, under the statutes and decisions of Nebraska and which cease at his death.

As a matter of fact, the Nebraska statutes and decisions are very much like those of many other states, and it is matter of common knowledge that a widow has much greater rights in her one-third or one-half, as the case may be, after death than she does before. Upon the death of her husband, she "comes into" her property. The very substantial rights which her husband has in the one-third cease at his death.

Upon argument, counsel for the appellee stressed the point that her rights sprang from her marriage and the statute, and his death was but the occasion of the enjoyment. This argument has been fully met and completely answered, since the argument, by the Supreme Court in the case of Chase Nat. Bank v. U. S., supra. In that case, the decedent had taken out life insurance payable to his wife, with the right reserved in him to change the beneficiary. The face value of the policies was held to be subject to the estate tax. The arguments against taxing this insurance money were almost identical with the arguments made in this case. In fact, the plaintiff in the Nyberg Case, infra, relied largely on

the analogy to life insurance, and the decision in Frick v. Lewellyn (D. C.) 298 F. 803, holding such proceeds not taxable. In the Chase National Bank case, the court dealt with section 402, Rev. Act of 1921 (42 Stat. 278), which includes the proceeds of life insurance policies, as the corresponding section 302 of the Act of 1924 includes the "interest of the surviving spouse." The same constitutional objections were made there as here, and denied. It was urged there that the wife's right came from the contract with the insurer, and not from the decedent; just as it is urged here that the wife's right comes from the statute, and not from the death of her husband. That was admitted, but held to be immaterial. It was urged there that the wife's right "vested" prior to her husband's death, just as is urged here. The court held that, even if that were so, it would not be material. The court, upon the matter of vesting, said, quoting from Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565:

"So long as the privilege of succession has not been fully exercised it may be reached by the tax. See Cahen v. Brewster, 203 U. S. 543 [27 S. Ct. 174, 51 L. Ed. 310, 8 Ann. Cas. 215]; Orr v. Gilman, 183 U. S. 278 [22 S. Ct. 213, 46 L. Ed. 196]; Chanler v. Kelsey [205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882], supra; Moffitt v. Kelly [218 U. S. 400, 31 S. Ct. 79, 54 L. Ed. 1086, 30 L. R. A. (N. S.) 1179], supra; Nickel v. Cole [256 U. S. 222, 41 S. Ct. 467, 65 L. Ed. 900], supra. And in determining whether it has been so exercised technical distinctions between vested remainders and other interests are of little avail, for the shifting of the economic benefits and burdens of property, which is the subject of a succession tax, may even in the case of a vested remainder be restricted or suspended by other legal devices. A power of appointment reserved by the donor leaves the transfer, as to him, incomplete and subject to tax. Bullen v. Wisconsin, 240 U. S. 625 [36 S. Ct. 473, 60 L. Ed. 830]. The beneficiary's acquisition of the property is equally incomplete whether the power be reserved to the donor or another."

Other similarities might be pointed out. The court, however, decided this case, when it ruled:

"The precise question presented is whether the termination at death of that power and the consequent passing to the designated beneficiaries of all rights under the policies freed of the possibility of its exercise may be the legitimate subject of a transfer tax, as is true of the termination by death of any of the other legal incidents of property through which its use or economic enjoyment may be controlled.

"A power in the decedent to surrender and cancel the policies, to pledge them as security for loans, and the power to dispose of them and their proceeds for his own benefit during his life which subjects them to the control of a bankruptcy court for the benefit of his creditors, * * * and which may, under local law applicable to the parties here, subject them in part to the payment of his debts, * * * is by no means the least substantial of the legal incidents of ownership, and its termination at his death, so as to free the beneficiaries of the policy from the possibility of its exercise would seem to be no less a transfer within the reach of the taxing power than a transfer effected in other ways through death. * * *

"Termination of the power of control at the time of death inures to the benefit of him who owns the property subject to the power and thus brings about, at death, the completion of that shifting of the economic benefits of property which is the real subject of the tax, just as effectively as would its exercise, which latter may be subjected to a privilege tax, Chanler v. Kelsey, 205 U. S. 466 [27 S. Ct. 550, 51 L. Ed. 882]. 'To make a distinction between a general power and a limitation in fee is to grasp at a shadow while the substance escapes.' "

And, later on, the court said the question of whether there was a "vesting" was not determinative; that "the freeing of the remainder of the possibility of the exercise of that power" was sufficient to subject property to a tax. So, if the wife's interest was vested but inchoate, as alleged in the petition (a question assumed but not decided), it is of no moment.

In an effort to distinguish this case, it was argued that the insured in the cited case could, by changing the beneficiary, entirely wipe out the wife's interest; he has the same power in Nebraska as to personal property, and also as to real estate, by the simple expedient of changing his legal residence to Council Bluffs, Iowa, or any other state. But, aside from that, the fact still remains that in the case at bar the decedent had many important rights in this property, which ceased at his death. The same principle, under different facts, was applied in Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. ——.

The Court of Claims arrived at the same conclusion in an identical case from Nebraska, on June 18, 1928, in Nyberg v. United States (66 Ct. Cl. ——). Certiorari was denied November 26, 1928 (49 S. Ct. 82, 73 L. Ed. ——).

The rights of the Nebraska wife are certainly not greater than the rights of a California wife in community property; yet the Supreme Court held that the husband was taxable on its income as if he were the sole owner. U. S. v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285.

Decisions cited by appellee from some of the other community property states are not in point, for in those states the wife has an estate in the property, not unlike that of a tenant in common; her interest is subject to her separate devise, and, under certain circumstances, the property is subject to partition; she is entitled to a joint enjoyment of the income; such community property is immune from his debts incurred without her consent, and there are other incidents of a common ownership. But in Nebraska this property is subject to his debts, and not hers; is for his enjoyment, and not hers. Her interest comes into realization after his death, after the payment of his debts, is subject to certain family allowances, and may not be in fact identified, in many cases, until the debts are proven, the costs of administration ascertained, and the election of the widow made.

█ A secondary contention is made to the effect that, even if it be taxable, the tax is not properly measured. The answer may be found in Chase Nat. Bank v. U. S., supra; U. S. v. Robbins, 269 U. S. 315, 48 S. Ct. 148, 70 L. Ed. 285; Brushaber v. U. P. R. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Maxwell v. Bugbee, 250 U. S. 525, 40 S. Ct. 2, 63 L. Ed. 1124, and in other cases. It cannot be said that the action of Congress, in measuring the tax by the value of the property that is freed from the decedent's interests and rights and powers, is so arbitrary as to amount to confiscation. Again it should be recalled that the widow is not being taxed for the privilege of succession; the estate is taxed upon the occasion of the cessation of rights of the decedent.

The case will be reversed and remanded for further proceedings in consonance with this opinion.