## UNITED STATES v. DIETZ.

Circuit Court of Appeals, Eighth Circuit.
May 30, 1929.

No. 8325.

Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (James C. Kinsler, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Thomas Johnston McGuire, of Omaha, Neb., for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. An appeal from a judgment of the United States District Court for the District of Nebraska against the appellant and in favor of the appellee, in an action to recover $5,810.18 on account of alleged excess in estate tax under Revenue Act of 1921 (42 Stat. 227). A demurrer was filed to the plaintiff's petition, and upon the demurrer being overruled the appellant, defendant below, declined to plead further, and judgment was taken as stated. The crucial facts alleged in plaintiff's petition are:

That on the 16th day of December, 1922, Florence Putnam Dietz, wife of the plaintiff, died leaving a last will, by the terms of which after bequeathing sums aggregating $47,600 to relatives and friends, and a certain plot of ground in the city of Lincoln, Neb., to a certain relative, she devised the residue to the plaintiff. Decedent left no children, nor issue of any deceased child surviving her. That decedent at the time of her death was domiciled and resided in Douglas county, Nebraska, which at all times was the domicile of plaintiff. That shortly thereafter said will was admitted to probate, and plaintiff duly appointed and qualified as executor.

That said estate has been fully administered and distributed in accordance with the terms and provisions of said will. That said proceedings and estate were fully closed.

That on the 15th day of December, 1923, a return for federal estate tax under the provisions of the act of Congress known as the Revenue Act of 1921, effective November 23, 1921, was by plaintiff, as such executor, duly filed with the collector of internal revenue for the district of Nebraska of the gross estate of said decedent, in which said return the value of said gross estate was set forth in the total sum of $444,234.11 and deductions for specific exemption, funeral expenses, debts and cost of administration of said estate were scheduled in the total sum of $153,827.12, leaving a net estate as shown by said return of $290,406.99, upon which plaintiff on December 19, 1923, paid to the collector of internal revenue for the district of Nebraska, the sum of $7,048.28, and on December 21, 1923, plaintiff paid to said collector an additional sum of $68 as estate tax upon said estate, based upon said return, making a total estate tax of $7,116.28 paid upon the estate of said decedent. That thereafter, on the 14th day of March, 1925, the Commissioner of Internal Revenue revised said report by increasing the value of property included in said gross estate, to make a total gross value thereof in the sum of $486,234.11 and allowed therefrom to be deducted the sum of $153,-827.12, leaving the net estate, after deductions as aforesaid, of the value of $332,406.99; and in compliance with the demand of said Commissioner, the plaintiff, as sole legatee and beneficiary under the will of said Florence Putnam Dietz and in his individual capacity, on the 7th day of July, 1925, paid to the said collector of internal revenue the additional sum of $1,680, making a total estate tax paid in the sum of $8,796.28.

That the gross estate so returned as aforesaid comprised all the property owned by or in possession of said decedent at the time of her death, and consisted of personal property in the state of Nebraska, in the form of notes, cash, insurance, and other miscellaneous property to the value of $4,838.15, and real estate in the total value of $342,850.

That plaintiff, as sole legatee and beneficiary, under the will of the said Florence Putnam Dietz, deceased, was coerced and compelled to pay said estate tax as aforesaid, including that part thereof which was computed upon his said one-half interest thereof, by reason of the demand and insistence of the said taxing authorities, and to save said property from distraint, seizure and sale,

and from the imposition and exaction of penalties in default of such payment. That on the 7th day of April, 1925, plaintiff filed in the office of said collector of internal revenue his claim for refund in the sum of $5,810.18, being that portion of said estate tax so exacted and paid in excess of $2,986.10, which was the true amount of the tax upon the sum of $166,203.49 which should have been determined to be the value of the net estate for tax in this case. That said claim was duly forwarded by the said Collector to the Commissioner of Internal Revenue for his action and determination thereon, and on the 11th day of June, 1928, the said Commissioner rejected said claim and gave notice to plaintiff of the rejection thereof.

That the said sum of $5,810.18, which claim was made as aforesaid, was deducted from and charged against the one-half interest in the property of said decedent which plaintiff received in the final distribution of her said estate in the county court of Douglas county, Nebraska, and was in substance and effect exacted from and paid by plaintiff, who is the real party in interest and entitled to recover the same in this action.

The precise questions presented by the demurrer and on this appeal are:

(1) Should we, for the purpose of the case, assume or decide that plaintiff took the entire residue after the payment of specific legacies and devises under the will?

(2) Assuming that plaintiff took one-half of the estate of which his deceased wife was seized or possessed, as defined in section 1220, Compiled Statutes of Nebraska 1922, under the statutes of Nebraska, was the value of such distributive share properly included in determining the value of the gross estate under section 402 of the Revenue Act of 1921, c. 136, 42 Stat. 227 (U. S. Code, title 26, c. 20 [26 USCA c. 20])?

If the plaintiff took such entire residue under the will, then we think there could be no question but that the value of the share to which plaintiff would otherwise have been entitled under the statutes of Nebraska was properly included in the gross estate. Indeed, no contention to the contrary is made by appellee. We think, therefore, for the purposes of the case, we may adopt the assumption most favorable to the appellee; that is, that he took the one-half of the residue after the payment of debts, under the statutes of Nebraska. So assuming, we think the decision of this court in Allen, Collector, etc., v. Henggeler, Adm'r, etc., 32 F.(2d) 69, decided March 25, 1929, decisive of the present case. It is true that case was decided un-

der section 302 of the Revenue Act of 1924 (26 USCA § 1094, note), but that section and other pertinent sections of the act of 1924 were identical with the act of 1921.

Inasmuch as we are not disposed to recede from the decision in Allen v. Henggeler, supra, it follows that the judgment of the District Court in this case must be and is reversed.