**CROOKS, Internal Revenue Collector, v. LOOSE.**

Circuit Court of Appeals, Eighth Circuit. December 5, 1929.

No. 8629.

Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (William L. Vandeventer, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

Paul R. Stinson, of Kansas City, Mo. (I. P. Ryland, Arthur Mag, and Roy B. Thomson, all of Kansas City, Mo., on the brief), for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge. This is a suit brought by the appellee against the collec-

tor of internal revenue for the Sixth district of Missouri (appellant herein) to recover a federal estate tax refund. The collector demurred to the petition. The demurrer was overruled. The collector elected to stand on the demurrer, and judgment was entered for plaintiff. This appeal followed.

The petition alleged substantially as follows: September 18, 1923, Jacob L. Loose, a resident of Kansas City, Mo., died testate, leaving a widow (appellee), but no children or other descendants. The will was duly admitted to probate, and the widow was appointed executrix, and she qualified.

Under the statutes of Missouri and decisions of its courts, the appellee in case of intestacy of her husband would have been entitled to one-half of all the property owned by her husband, whether real, personal, or mixed. The total value of the estate of Jacob L. Loose at his death was $2,319,456.75.

By the terms of the will the widow was made sole residuary beneficiary. The will further provided that the executrix should pay out of the residuum of the estate all federal estate taxes, and that all other beneficiaries should receive their bequests or devises free from any such tax.

The total net estate of Jacob L. Loose for purposes of federal estate taxation, including the value of the widow's statutory marital interest or estate, was $1,550,028.68. The amount of the federal estate tax due upon said sum was $107,403.44. This amount was paid by appellee as executrix. The total net estate of Jacob L. Loose, exclusive of the widow's statutory marital interest or estate, was of the value $390,300.31; on which sum the federal estate tax would be $6,112.

The estate has been closed and the executrix discharged.

Appellee duly made demand on the Commissioner of Internal Revenue for the return of that part of the tax which was paid and collected on that portion of the estate represented by the value of her statutory marital interest or estate, which part of the tax was alleged to be $101,291.44. Interest also was demanded. The demand was refused, and the present suit was brought.

The ground of the demurrer was that the petition failed to state facts sufficient to constitute a cause of action.

By the statutory law of Missouri the widow has the right to renounce the provision made for her in the will; in which case she takes under the provisions of the statutes. Failure to renounce the provision made for her by the will is held equivalent to an election to take under the will. Young v. Board-

man, 97 Mo. 181, 10 S. W. 48; Ross v. First Presb. Church, 272 Mo. 96, 197 S. W. 561; O'Brien v. Sedalia Trust Co. (Mo. Sup.) 5 S.W.(2d) 74.

In the case at bar the widow elected to take under the will.

The main question at issue is whether the value of the statutory marital interest or estate of the widow was properly included in the value of the gross estate of Jacob L. Loose.

Section 401 of the Revenue Act of 1921 (42 Stat. 277) reads, so far as here material, as follows: "Sec. 401. * * * a tax * * * is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act."

Section 402(a) and (b) read as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

In Reinecke v. Trust Co., 278 U. S. 339, 49 S. Ct. 123, 125, 73 L. Ed. 410, the court said: "In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and is measured by the value at death of the interest which is transferred."

See, also, Chase Nat. Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405.

The vital question then is, Was there a "transfer" in the case at bar? We think the question is no longer an open one in this circuit.

If, in the case at bar, there had been no will and the widow had taken her statutory marital interest or estate, there would have been a "transfer" and the value of the statutory marital interest or estate would have been included in the value of the gross estate of the deceased husband. Allen v. Henggeler, 32 F.(2d) 69 (C. C. A. 8).

It is true the Henggeler Case involved the widow's statutory marital interest or estate under the statutes of Nebraska, but the statutes of Nebraska and Missouri are not

so dissimilar in respect to the matters involved as to render the principles stated in that case inapplicable to a similar state of facts in Missouri. See Crooks v. Hibbard, 33 F.(2d) 567 (C. C. A. 8).

If, in the case at bar, the provisions made in the will for the widow had been renounced by her, and she had taken under the statutory provisions, there would have been a "transfer," and the value of her statutory marital interest or estate would have been included in the value of the gross estate of the husband. It was so held in United States v. Waite, 33 F.(2d) 567 (C. C. A. 8), which involved the Missouri statutes.

Finally, this court has held in United States v. Dietz, 33 F.(2d) 576, that where a surviving husband was named as residuary beneficiary under his wife's will, there being no children or issue of deceased children, and he proved the will and distributed the estate in accordance with its terms, the value of the residue taken by him was properly included in the value of the gross estate of the deceased wife; and it was held that this was right, whether it was assumed that the husband took the whole residue under the will, or one-half of the residue under the Nebraska statute and the balance under the will, if the latter assumption could be made. On either assumption it was held that there was a "transfer" within the meaning of the federal estate tax.

It is contended by the appellee that the Dietz Case is not decisive of the case at bar, because a point now raised was not in the Dietz Case. Briefly stated, the point is: That the widow in the case at bar took under the will, not as a recipient of the testator's bounty, but as a purchaser for value; that she surrendered, as a consideration for the provision in her behalf in the will, her statutory marital interest or estate which became consummate at her husband's death. In answer to this contention it should be noted: First, the vital facts in the Dietz Case were identical with those in the case at bar; the conclusion from the facts was that there was a "transfer" at the moment of the death of the testator, and therefore, that the value of the surviving spouse's interest or estate should be included in determining the value of the decedent's gross estate. The same facts in the case at bar lead irresistibly to the same conclusions.

In the Dietz Case it was contended that the surviving husband, upon the death of his wife, took—whether under the will or by operation of law was said to be immaterial—an interest or estate in real and personal property, which interest or estate had theretofore belonged to the husband by virtue of the marital relation; and that the husband was retaining said interest or estate.

In the case at bar it is contended that the surviving wife, upon the death of her husband, took, by operation of law, an interest or estate in real and personal property, which interest or estate had theretofore belonged to the wife by virtue of the marital relation; and that she exchanged said interest or estate for the provision of the will.

In both cases the contention is, in substance, the same, viz.: That there was no "transfer," no "shifting of the economic benefits of property" at the time of the death of the decedent spouse. The contentions thus made are erroneous: (a) In failing to distinguish between the inchoate interest or estate existing before the death of the decedent spouse and the consummate interest existing after such death; (b) in failing to recognize that the change from the inchoate to the consummate interest or estate was brought about by the "transfer," the "shifting of economic benefits" at the moment of death of the decedent spouse; (c) in assuming that the federal estate tax is upon the interest or estate, inchoate or consummate, instead of upon the "transfer," the "shifting of economic benefits."

Second, the Federal Estate Tax Law is not concerned primarily with the character of the interest or estate acquired by the beneficiary, or its subsequent status; but the law is primarily concerned with the ceasing of the interest of the decedent in the property, with the "shifting of economic benefits" of property from the decedent. If there is such a ceasing of the interest of the decedent, such a "shifting of economic benefits," the federal estate tax comes into play.

Third, the contention of the appellee would seem to be self-destructive. Conceding for the sake of the argument that the widow was a purchaser of the provision made for her in the will, with what did she make the purchase? Appellee says with the surrender of her statutory marital interest or estate. But that interest or estate did not become consummate until the death of the husband. At that moment what changed the interest or estate from an inchoate to a consummate one was a transfer from the husband of his interest in the property which was subject to the inchoate interest or estate of the wife. But at the moment of such transfer the federal estate tax accrued upon the transfer and became a lien upon the property of the estate (Page v. Skinner, 298 F. 731 [C. C. A.

8]); so that, if the widow exchanged this consummate statutory marital interest or estate for a provision of the will, she exchanged something that was already burdened with the lien of the federal estate tax. By no legerdemain could this tax burden be escaped.

It makes no difference, therefore, whether we consider the widow as taking directly from the testator by the will as a beneficiary; or as a purchaser by the use of her consummate, lien-burdened statutory marital interest or estate.

It may be added that such a holding as appellee contends for would allow any testator to nullify the effect of section 402(b) of the Federal Estate Tax Act by simply including in his will a provision for the surviving spouse equivalent to the statutory provisions. The surviving spouse could then elect to take under the will, and the item of value contemplated by section 402(b) would not be included in the gross estate. We do not think the Federal Estate Tax Statute is so crudely vulnerable.

Appellee contends that the alleged purchase already adverted to was exempt from the federal estate tax by virtue of section 402 (c) and (e) and section 403(a) (3), 42 Stat. 278, 279. A careful reading of these provisions will show that the sales therein referred to have nothing in common with the alleged purchase and sale relied upon by appellee. Those provisions refer to transactions by which a person had parted with the control or the economic benefits of some portion of his estate during his lifetime. See McCaughn v. Carver (C. C. A.) 19 F.(2d) 126; Ferguson v. Dickson (C. C. A.) 300 F. 961. In the case at bar there was no such transaction by the husband of appellee.

The cases of Warner v. Walsh (C. C. A.) 15 F.(2d) 367; United States v. Bolster (C. C. A.) 26 F.(2d) 760, 59 A. L. R. 491; and Allen v. Brandeis, 29 F.(2d) 363 (C. C. A. 8), cited by appellee, are not in point. Those cases arose under the Income Tax Law. The question involved was whether a widow who had surrendered her statutory marital right in her husband's estate, and taken in lieu thereof an annuity provided for her in the will, was obliged to include the amount of this annuity each year in her income tax return. It was held that these yearly amounts, to the extent of the value of the relinquished statutory right, were capital and not income, and need not be included. The widow was held to be a purchaser of the annuity provided in the will; but no question under the Federal Estate Tax Law was involved.

Our conclusion is that though the appellee elected to take under the will, yet the value of her statutory marital interest or estate in the estate of her deceased husband was properly included in the value of his gross estate. It follows that the judgment must be reversed. It is so ordered.