In the Matter of the Estate of JOSEPH I. WALK, Deceased.

Surrogate's Court, New York County, January 8, 1948.

*Maurice Leon* and *Joseph H. Choate, 3d,* for Maurice Leon and another, as executors of Joseph I. Walk, deceased, appellants.

*Hamilton McInnes* for State Tax Commission, respondent.

DELEHANTY, S.   The executors of deceased appealed on two grounds from the *pro forma* taxing order made in this estate on April 21, 1947.   The first ground of appeal related to the domicile of deceased.   Deceased was held by the court (N. Y. L. J., Aug. 19, 1947, p. 286, col. 4) to be domiciled in this State and county at the time of death.   A second ground of appeal now urged is that the appraiser erroneously included in the gross estate for tax purposes the full value of property alleged to have been held by deceased in community with his now surviving widow.

In support of this second ground of appeal there was put into the record an agreement made at Antwerp, Belgium, on March 28, 1895, just prior to marriage between deceased and his widow. Article first of such agreement provides: '' There shall exist between the future spouses of the one and the other part a universal community of their property both personal and real, present and future, without any exception nor reservation, in accordance with article 1526 of the Civil Code.''   The agreement then provides for special treatment of certain tangibles. It finally provides that as to the remaining property the survivor should have one half in full ownership and the other half for life.   Certain clauses in the Civil Code of Belgium in force on March 28, 1895, were stipulated subject to objection by the State Tax Commission on the ground of immateriality and irrelevancy.   The objection is overruled and the stipulated text is made a part of this record.

The stated second ground of appeal is that the inclusion in the gross estate of all the property in deceased's record ownership at his death was erroneous because it was in fact owned one half by the widow and was subject to a life estate in the other half for the benefit of the widow.   The notice of appeal also states that any refusal to recognize the rights of the widow originating in the antenuptial agreement would constitute an unconstitutional attempt to impair the obligations of the contract between her and deceased.

It should be noted that no realty and no tangible personalty outside this State has been included in the gross tax estate and that the question at issue relates wholly to intangibles and to tangibles within this State.   All of the property in issue was within deceased's record ownership and under his control until he died.   It is not asserted that any property included in the gross estate was property owned by deceased's widow or under any control of hers except as such ownership and control is

claimed perforce the ante-nuptial agreement to which reference has been made. The State Tax Commission claims the right to tax the property pursuant to subdivisions 1, 3 and 5-a of section 249-r of the Tax Law.

Subdivision 5-a of the cited section was made part of our Tax Law by chapter 608 of the Laws of 1943 following the enactment in 1942 of like provision in the Internal Revenue Code of the United States. The text says that there shall be included in the gross estate property " held as community property by the decedent and surviving spouse under the law of any state, territory, or possession of the United States, or any foreign country " with exceptions not pertinent here. The quoted article first of the agreement in evidence says that it is made in conformity with a particular article of the Civil Code of Belgium. The executors say nonetheless that such recital does not constitute the community interest as one made " under the law ". They point out that the Civil Code of Belgium permits private creation of community rights but does not itself create such rights. The executors insist that the agreement is a private agreement and that only the agreement and not the law conferred the benefit upon the widow of deceased. Stressing this proposition they say that any treatment of the rights so obtained by private contract must conform to the constitutional limitation upon the impairment of contracts.

The executors say that the provisions of subdivisions 1 and 3 of the cited section of the Tax Law are not applicable because at the time of his death deceased had only such interest as remained after giving effect to the contract rights of his widow. Again, they argue that an attempt to tax the whole value of the property would impair the obligation of deceased's contract with his widow.

It is now settled in this State that the interpretation of our taxing statute will follow the interpretation given by the Supreme Court of the United States to like text in the Internal Revenue Code (*Matter of Weiden*, 263 N. Y. 107; *Matter of Cregan*, 275 N. Y. 337; *Matter of Rogers*, 296 N. Y. 676). The constitutionality of the like text in the Internal Revenue Code (§ 811, subd. [e], par. [2]; U. S. Code, tit. 26, § 811, subd. [e], par. [2]) has been upheld (*Fernandez* v. *Wiener*, 326 U. S. 340; *United States* v. *Rompel*, 326 U. S. 367). In accordance with the policy of this State settled in the cases cited from the reports of our highest court the claim of unconstitutionality is held to be without basis.

It may be argued that the claim of unconstitutionality in the taxing statute of New York State is not disposed of by the decision in *Fernandez* v. *Wiener* (*supra*) where the court was concerned with a Federal estate tax and of course with the Federal law on the subject. The decision in the cited case however so deals with the arguments here made as to require this court to say that the State taxing statute may validly reach property which is affected by rights reaching the maximum claimed for the wife of this deceased. The opinion points out (p. 352) that the right to tax here arises because of " the shifting from one to another of * * * power or privilege incidental to the ownership or enjoyment of property." The case says further (p. 353): " Receipt in possession and enjoyment is as much a taxable occasion within the reach of the federal taxing power as the enjoyment of any other incident of property." The court again reaffirms its determination in an earlier case that " the practical effect of death in bringing about a shift in economic interest " suffices as an occasion for tax. Speaking specifically about community property and the impact thereon of the death of one of the spouses the court said in the cited case (pp. 356-357): " It is enough that death brings about changes in the legal and economic relationships to the property taxed, and the earlier certainty that those changes would occur does not impair the legislative power to recognize them, and to levy a tax on the happening of the event which was their generating source." Referring to a case which originated in California (*Moffitt* v. *Kelly*, 218 U. S. 400) the court said in the *Fernandez* case (p. 357): " But the levy upon the entire value of the community was sustained, not as a tax upon property or the transfer of it, but as a tax upon the ' vesting of the wife's right of possession and enjoyment arising upon the death of her husband,' which the Court deemed an appropriate subject of taxation, *notwithstanding the contract, equal protection and due process clauses* of the Constitution." (Emphasis supplied.) The decision in *Moffitt* v. *Kelly* (*supra*) was made (see *Fernandez,* n. 14) on the assumption that the interests of the wife in the community property were vested — a situation identical with that asserted in behalf of the surviving spouse here.

The excerpt from the report of the Congressional Committee which preceded the Federal act (House Report No. 2333, 77th Cong., 2d Sess., pp. 35-37, 160), printed as a footnote to the *Fernandez* opinion (*supra*), does not indicate that the Congress intended to legislate only in respect of community property rights which were themselves the creature of statutes.

Emphasis is now laid by appellant upon the phrase " under the law " in the Federal act and in our statute and argues that only a community property created by a *statute* is intended to be reached.· The court does not so construe the act but on the contrary is of the view that the history of the legislation requires the construction that the community property rights subject to tax comprise not only those which are themselves the creation of statute but those which are the creation of private agreement made under a permissive statute or body of case law. Since our Legislature adopted text identical with that of the Congress of the United States it must be assumed to have had the same tax objectives in mind. It is the view of the court that the meaning of the tax statute is that a community property right created by private contract in a jurisdiction which permits such creations of community interests is as much held " under the law " as it would be if the law itself created the right. Entertaining these views, the court holds that the tax imposed is validated by the terms of subdivision 5-a of section 249-r of the Tax Law of this State.

The court does not say that the property is taxable only under that subdivision. In respect of any property in the possession of deceased at the date of the agreement it is plain that the agreement created an interest which was intended to take effect in possession or enjoyment at his death. A community property contract such as that before the court operates prospectively as well as immediately. The acquisition of additional property by deceased brought into being at the time of each such acquisition a further interest on the part of his spouse which again would take effect in possession only at his death. And so all property rights existent at the date of death in favor of the surviving spouse constituted an aggregate of transfers or interests created from time to time but all focused in possession or enjoyment at the date of death of the spouse first to die. In that concept the property is taxable under subdivision 3 of section 249-r of the Tax Law.

For all the reasons stated the second ground of appeal urged is held to be without substance. Submit, on notice, order confirming the tax imposed.