## THE PEOPLE v. MARSHALL.

One joint-tenant or tenant-in-common of a chattel, cannot dispose of anything more than his own interest therein.

APPEAL from the Court of Sessions of the County of San Francisco.

*H. Marshall* for Appellant.

*H. H. Byrne* for Respondents.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

The defendant was indicted, and convicted of grand larceny. The offence consisted in taking several head of stock from the possession of one Buchanan, which had been sold to him by Alexander Marshall, a brother of the defendant. The defendant justified the taking, on the ground that he was the owner of the cattle ; or, if not the absolute owner, that he, together with his three brothers, were the owners thereof in common, and that the sale by Alexander did not divest the interest of the other jointowners. The testimony is very conflicting, and the brothers having taken sides in this unnatural controversy, seem unscrupulous as to the means employed to bring disgrace upon themselves and their family.

It is impossible, from the evidence, to determine whether the property belonged to Alexander or Hugh. Whether it was partnership property, over which each had the power of disposition, or whether it was the joint-property of the four brothers.

Under this state of case, the defendant requested the Court to charge the jury, " That if the four brothers were the joint-owners of the property, the sale thereof by one, without the consent of the others, would not divest their rights of ownership in such property." The refusal of the Court to give this instruction was clearly erroneous. One joint-tenant, or tenant-in-common, of a chattel, cannot dispose of anything more than his own interest therein. In view of the testimony before the Court, this instruction was pertinent, and should have been given.

Judgment reversed, and cause remanded.