ESTATE OF WILLIAM MACPHERSON HORNOR, DECEASED, JULIA C. HORNOR, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102931.    Promulgated July 31, 1941.

*F. Raymond Wadlinger, Esq.*, for the petitioner.
*Eugene G. Smith, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: 1. The petitioner contests the Commissioner's inclusion in the gross estate of the value of the real properties held in trust after the transfer in 1935 by decedent and his wife as tenants by the entirety. Decedent had originally acquired the properties individually and had then transferred them into entirety ownership. The propriety of the inclusion in the gross estate seems clear upon any one of several grounds.

The Commissioner has held that the transfer by the decedent to the trust in 1935 was made in contemplation of death. The transfer was less than two years before the death, and the statute, section 302 (c), Revenue Act of 1926, expressly presumes that it was made in contemplation of death "unless shown to the contrary." The evidence fails to show to the contrary, and for this reason, if for no other, the property transferred is within the gross estate.

Had the property been held directly by the decedent and his wife as tenants by the entirety, it would have been within the gross estate by virtue of section 302 (e) of the Revenue Act of 1926, as an interest in property "held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse." *Tyler* v. *United States*, 281 U. S. 497; *United States* v. *Jacobs*, 306 U. S. 363. The petitioner seeks to escape this provision of the statute by reason of the intervention of the trust set up in 1935. But, other than the creation of a purely legalistic title in

the spouses and their son as trustees instead of the spouses alone as owners, the trust, for present purposes, accomplished nothing. Until the first decedent died, it was revocable; and until both settlors died, the income was distributable to them. These reservations deprived the trust of substance sufficient to withhold it from the gross estate. A trust created by joint tenants or tenants by the entirety has no greater force to keep the property from the gross estate of one of the settlors than would a similar trust created by an individual. Revocability and reservation of income for life leave the property in the settlor's gross estate as effectively in one case as in the other. Property held in a revocable trust is within the gross estate, *Porter* v. *Commissioner*, 288 U. S. 436; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Chase National Bank* v. *United States*, 278 U. S. 327. So is property of which the decedent has a possibility of reversion, *Helvering* v. *Hallock*, 309 U. S. 106.

All of these considerations unite to require that the property held in trust as the result of the transfer by decedent and his wife as tenants by the entirety be included within his gross estate. The Commissioner's determination is sustained.

2. Three items were included by the Commissioner in the gross estate, of which one, amounting to $885, should, it is stipulated, be eliminated from the gross estate.

a. The amount of $4,900 was held in the trustees' bank account, having been transferred by decedent and his wife from their entirety bank account, where it had been deposited upon its receipt by them as rents from the real property held in the name of the trust. The petitioner contends that the amount may not be included in the gross estate because it belonged to the trustees. The answer is the same as that which requires the real property to be included in the gross estate, i. e., that the trust may not be recognized as providing insulation against the tax.

b. This is likewise the decision in respect of the $281.70 which was received by the decedent and his wife from the fire insurance company as a distribution of earnings attributable to the deposited premiums. The petitioner's contention, that because the insured properties were owned by the trust, the distributions may not be attributed to the husband and wife so as to be included within the husband's gross estate, must be rejected.

The determination as to the two items is sustained.

3. When the trust was created in 1935 and the entirety property was transferred to it by the decedent and his wife, gift taxes were paid amounting to $55,673.11, of which the decedent paid $11,457.38 and the wife $44,215.73. The petitioner, on the estate tax return,

took as the credit provided by Revenue Act of 1932, section 801,[2] the entire amount of $55,673.11. The respondent, however, disallowed the $44,215.73 paid by the wife, and thus reduced the credit to $11,457.38, paid by the decedent.

While ordinarily a deduction for taxes is only available to him who pays it, this is not a deduction but a credit for the manifest purpose of avoiding multiple tax in respect of the same transfer. The gift tax and the estate tax are cognate, and an *inter vivos* transfer of property which by special statutory provision is included in the gross estate and thus subject to the estate tax is not independently treated as subject to an entirely separate gift tax. To impose both taxes without regard to each other would operate so harshly as to justify the belief that such an intention would be unmistakably expressed. Instead, the contrary intention is clearly indicated by the section. We think that the tax of $55,673.11 paid upon the gift must be credited in the manner provided by the section against the estate tax, notwithstanding the fact that $44,215.73 was paid by the wife, who was the other tenant by the entirety.

The determination disallowing the credit is reversed.

4. Apparently the gift tax just considered was paid for the decedent after his death and carried interest for late payment. The total amount of interest so paid was $694.49, of which $568.37 was attributable to the period between the due date and the death. The Commissioner disallowed the rest. This is correct, since the interest which accrued after the taxpayer's death can not be regarded as a claim against the estate, *Florence Scofield Stone et al., Executrices*, 38 B. T. A. 51 (reversed and remanded, C. C. A. 2d Cir., on stipulation not covering this point) ; *Old Colony Trust Co.* v. *United States*, 15 Fed. Supp. 417.

5. The petitioner contests the inclusion in the gross estate of more than one-half of the amounts held by the trustees as undistributed income and rents. This contention is founded upon the joint interest of decedent and his wife in the trust, or the entirety interest in the real properties placed in trust. In either aspect, the inclusion of the

---

[2] SEC. 801. CREDIT OF GIFT TAX ON ESTATE TAX.

Section 301 of the Revenue Act of 1926 is amended by inserting after subdivision (a) a new subdivision to read as follows :

"(b) (1) If a tax has been paid under Title III of the Revenue Act of 1932 on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this title, then there shall be credited against the tax imposed by subdivision (a) of this section the amount of the tax paid under such Title III with respect to so much of the property which constituted the gift as is included in the gross estate, except that the amount of such credit shall not exceed an amount which bears the same ratio to the tax imposed by subdivision (a) of this section as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate."

entire amount in the husband's estate was proper. Since the trust may for present purposes be properly ignored, as has been held, the interest in the income from the properties was held either jointly or by the entirety. If the trust were not to be ignored, nevertheless the income was distributable jointly to petitioner and his wife, and hence this joint property is by the same statute to be included within the gross estate. So, in any event, there is no ground upon which any part of this amount may be excluded from the gross estate.

The Commissioner's determination is sustained.

6. Each of the three bank accounts described in the findings was owned jointly or by the entirety and is, therefore, subject to the considerations heretofore stated and properly within the gross estate. The Commissioner's determination is sustained.

7. The value of the perpetual fire insurance policy covering real estate transferred by the entirety to the trust is for the same reasons properly within the gross estate. The Commissioner's determination is sustained.

8. The residence property had been owned by the decedent, and its subsequent conveyance by him to his wife in 1921 was without consideration. Therefore, her entirety ownership at the time of his death does not serve to keep any part of its value from his gross estate. The Commissioner's determination is sustained.

9. The $250.78 expenses of administration paid by the executrix is conceded by respondent in his brief to be a deduction.

In summary, the determination is sustained except for the $885 in item 2, which is to be excluded from the gross estate, the gift tax credit of $44,215.73 of item 3, which is to be allowed, and the $250.78 of item 9, which is to be deducted.

Reviewed by the Board.

*Decision will be entered under Rule 50.*