ESTATE OF NATHALIE KOUSSEVITSKY, SERGE KOUSSEVITSKY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4163. Promulgated August 30, 1945.

*Robert G. Dodge, Esq.*, and *Walter A. Barrows, Esq.*, for the petitioner.

*Carl A. Stutsman, Jr., Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The issues have been stated previously. We shall consider first whether any part of the $90,483.67 of item 2 is includible in the decedent's gross estate.

In the deficiency notice the respondent determined that only $54,558.10 of item 2 should be included, and that this amount should be included under section 811 (e) of the Internal Revenue Code,[2] for the reason that the survivor of the joint account, Koussevitsky, had only established that $35,925.57 of the $90,483.67 originally belonged to him and had never been received or acquired by him from the decedent for less than an adequate and full consideration in money or money's worth. The parties have now stipulated that the entire $90,483.67 comes within the exception mentioned in section 811 (e) ; that is, the entire $90,483.67 originally belonged to Koussevitsky and had never been received or acquired by him from the decedent, and for

---

[2] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(e) JOINT INTERESTS.—To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth \* \* \*

that reason the respondent now concedes that no part of the $90,483.67 is includible in the decedent's gross estate under section 811 (e). Cf. *United States* v. *Jacobs*, 306 U. S. 363.

In discussing joint tenancy in general as affected by the provisions of section 811 (e), the petitioner states in his brief:

* * * The only material inquiry is whether the decedent had an interest as joint tenant at the time of his death and if so where the property originated. If A owns property and gives it to B, and B conveys it to A and B as joint tenants, the gift from A to B is entirely immaterial so far as the estate tax is concerned, and all of the property would be included in A's estate if he dies first and none of it will be included in B's estate if he dies first. (See *U. S.* v. *Jacobs*, 306 U. S. 363, 371; *Stuart* v. *Hassett*, 41 F. Supp; 905, D. C., Mass )

The authorities cited by petitioner in the above quotation from his brief undoubtedly have held that under the circumstances detailed above the value of all the property owned and held in the joint tenancy should be included in A's estate if he dies first. The cases cited did not hold, however, that if B died first none of the value of the property held in joint tenancy would be included in his estate. That question was not involved. However, as we have already stated, respondent now concedes in the instant case that, in view of the fact that the property held in the joint tenancy or the funds with which it was purchased originally belonged to Koussevitsky, the surviving joint tenant, none of it is to be included in Mrs. Koussevitsky's estate under section 811 (e), notwithstanding the fact that she conveyed it all to the joint tenancy after having previously acquired it from her husband as gifts. In view of this concession by respondent, we find it unnecessary to go further in our analysis of the provisions of section 811 (e) in this particular respect.

The respondent, however, has amended his answer and has affirmatively alleged that the entire $90,483.67 is includible in the decedent's gross estate under either section 811 (c) or 811 (d) (1) of the code, or both. The material provisions of these subsections are set forth in the margin.[3]

---

[3] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

* * * * * *

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless

Petitioner contends that Congress, in providing under section 811 of the code what property should be included in a decedent's gross estate has, under subsection (e), legislated specifically with respect to joint interests and has specifically excepted certain property from inclusion in the gross estate, and that, since the property in question comes within the exception, the respondent should not be permitted to include the property in the gross estate under some more general provision of the statute.

We do not think that the above contention is true in so far as the "contemplation of death" provision contained in subsection (c) is concerned. If the transfer on December 17, 1941, from the agency account to the joint account had been made in contemplation of death, then we think the property would be includible in the decedent's gross estate, for, having been made in contemplation of death, it would be the same for tax purposes as if the decedent had never made the transfer and at the time of death still owned the property previously transferred. We think that under such a situation that part of subsection (c) dealing with transfers made in contemplation of death would be more specific than subsection (e) and would therefore take precedence over subsection (e), and the full value of the property transferred would be includible in decedent's estate. But if the transfer on December 17, 1941, was not made in contemplation of death it would be effective for all purposes, including tax purposes, and the property must be considered as jointly owned at death and subsection (e) would be more specific than any other subsection of the statute, and to include the property in the gross estate under some more general provision would have the effect of completely nullifying the specific exception provided for in the more specific subsection of the statute. This is a question of statutory interpretation and it is the "more specific indications of legislative intent" that we are seeking to determine. Cf. *Helvering* v. *Safe Deposit & Trust Co. of Baltimore*, 316 U. S. 56. Moreover, there is nothing to indicate, in our opinion, that Congress in subsection (d) (1), dealing with revocable transfers, intended it to apply to property held as joint tenants or as tenants by the entirety. It certainly seems clear to us that subsection (e), dealing with joint interests, was the one which Congress intended should cover such property.

---

shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter;

(d) REVOCABLE TRANSFERS—

(1) TRANSFERS AFTER JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.

No instance has been brought to our attention, except the present proceeding, where the Commissioner has contended that, in determining what part of property held jointly with the right of survivorship is includible in the gross estate of a decedent, the applicable subsection of the statute is other than subsection (e) of code section 811 or its counterparts in other revenue acts. In the respondent's brief it is argued at length that it is possible in certain circumstances for the same property to be taxable under more than one subsection. That is assumed without discussion, but we think it is beside the point. The question here is not whether the provisions of certain subsections may sometimes overlap, but whether, where the statute segregates jointly held property from all other property and makes it the subject of separate and distinct provisions which include an express exception, that exception can be nullified by the imposition of a tax under one of the other provisions of the statute. We do not think the exception can be thus nullified. In *Liebmann* v. *Hassett*, 148 Fed. (2d) 247, where it was held that subsections (a), (c), and (g) of section 302 of the Revenue Act of 1926 should be applied in determining whether certain insurance was includible in the decedent's gross estate, notwithstanding the fact that subsection (g) dealt specifically with insurance, there was no attempt to tax the first $40,000 of insurance receivable by beneficiaries other than the executor, as that amount was considered specifically exempt from inclusion in the gross estate under subsection (g).

The respondent's regulations have given the same effect to the exception contained in subsection (e). The material provisions of sections 81.22 and 81.23 of Regulations 105 are in the margin.[4] Nowhere else in Regulations 105 is there any indication that the property specifically excepted from inclusion in the gross estate under subsection (e) might be included under some other subsection. By way of con-

---

[4] Sec. 81.22 *Property held jointly or by the entirety.*—The foregoing provisions of the Internal Revenue Code extend to joint ownerships wherein the right of survivorship exists, regardless of when such ownerships were created. They specifically reach property held jointly by the decedent and any other person * * * provided the decedent contributed toward the acquisition of the property so held * * *

Sec. 81.23 *Taxable portion.*—The entire property is prima facie a part of the decedent's gross estate. But it is not the intent of the statute that there should be so included a greater part or proportion thereof than is represented by an outlay of funds, which, in the first instance, were decedent's own, or more than a fractional part equal to that of the other joint owner should neither have parted with any consideration in its acquirement. Facts, which in a given case bring it within any one of the exceptions enumerated in the statute, may be submitted by the executor.

Whether the entire property, or only a part, or none of it, enters into the make-up of the gross estate depends upon the following considerations: (1) So much of the property (whether the whole, or a part thereof) as originally belonged to the other joint owner, and which at no time in the past had been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth, forms no part of the decedent's gross estate. * * *

The following are given as illustrative: * * * (e) if the decedent furnished no part of the purchase price, no part of the property should be included * * *

trast, section 81.25 of Regulations 105, relating to life insurance, contains the following:

Life insurance not includible in the gross estate under the provisions of subsection (g) of section 811 * * * may, depending upon the facts of the particular case, be includible under some other subsection of section 811 * * *.

The absence of any such provisions in the regulations relating to joint tenancies seems to show the difference between the provisions of the law applicable to the two subjects as understood, interpreted, and applied by the respondent.

We hold, therefore, that, in determining what part, if any, of the $90,483.67 is includible in the decedent's gross estate, we must first determine whether the transfer on December 17, 1941, from the agency account to the joint account was made in contemplation of death.   If it was, then, for the reasons above given, the entire $90,483.67 is includible; and if the transfer was not made in contemplation of death, then no part of the $90,483.67 may be included in the decedent's gross estate, due to the exception in section 811 (e).

Was the transfer in question made in contemplation of death?   The parties are in wide disagreement over who has the burden of proof. The respondent contends that as to $54,558.10 of the $90,483.67 he has merely asserted a different reason for the inclusion of that amount in the gross estate and that the burden is still on petitioner to show otherwise, citing principally *Standard Oil Co.*, 43 B. T. A. 973, 998, and *Beaumont* v. *Helvering*, 73 Fed. (2d) 110.   As to the balance of the $90,483.67, the respondent contends that in view of the last sentence of section 811 (c) of the code the burden is likewise on petitioner to show that the transfer was not made in contemplation of death. Petitioner contends that the burden of proof on this issue is on the respondent.

This issue was affirmatively raised by the respondent by an amendment to his answer and, since it involves purely a question of fact, the burden of proving such fact is on the respondent.   Rule 32, Rules of Practice before the Tax Court; *Security-First National Bank of Los Angeles, Executor*, 36 B. T. A. 633, 637; *Constance McCormick, Executrix*, 38 B. T. A. 308; *Commissioner.* v. *Hofheimer*, 149 Fed. (2d) 733. The respondent however, by showing that a material transfer was made by the decedent in the nature of a final disposition within two years prior to her death without consideration, met for the time being the requirement of Rule 32, and the "burden of proceeding" passed to petitioner.   Petitioner then could prevail only by proving "by a fair preponderance of the evidence" that the transfer was not made in contemplation of death; otherwise, section 811 (c) of the code requires that it "be deemed" to have been.   *Commissioner* v. *Hofheimer, supra.*

We think petitioner has shown by a fair preponderance of the evidence that the transfer was not made in contemplation of death, and we have so found as an ultimate fact in our findings. The leading case on the meaning of the words "in contemplation of death" is *United States* v. *Wells*, 283 U. S. 102. Under this decision it is the "dominant motive of the donor in the light of his bodily and mental condition" that controls. The question is one of ultimate fact, arrived at after carefully scrutinizing all the circumstances. *Estate of William F. Hofford*, 4 T. C. 542, 552. These circumstances or evidentiary facts are set out in our findings. We think they show that the decedent's dominant motive in changing her individual agency account into a joint agency account was "To carry out our original intention, which was to hold this property jointly." She so stated in her letter to the State Street Trust Co. on December 17, 1941 This statement would seem to indicate that there had never been any intention to differentiate in the matter of real ownership between property in the individual agency account and the other admittedly jointly owned property. In other words, both parties undoubtedly regarded the property in the individual agency account as joint property and they were not wholly aware that technicalities of title were of any importance.

The respondent contends that the decedent's motive for making the transfer was associated with thoughts of death rather than life. He refers to her nervousness, to her high blood pressure of several years standing, and to the one or two strokes which she had had, and he argues from this that we must conclude that she made the transfer principally on account of her health, with the thought of saving estate taxes. This we think would be contrary to the evidence. Mrs. Koussevitsky did not initiate the transfer. The whole matter received initial attention when, in November of 1941, Koussevitsky had just added $20,000 to his wife's agency account. He had gone to the bank solely for the purpose of discussing how such funds could be best invested. The letter of November 18, 1941, followed. In this letter Eastman (the bank's representative) refers to "another question" which had come to his mind, which was whether Koussevitsky was aware that in adding these amounts to his wife's account he was possibly creating a gift tax liability and that on top of that "if Mrs. Koussevitsky should predecease you, there would be an inheritance tax upon the property coming to you." The respondent emphasizes this reference to inheritance tax and argues that the possibility of saving such taxes induced the transfer. But the record shows that no one ever discussed estate or inheritance taxes with the decedent. The evidence is to the effect that she never saw the letter written by Eastman to Koussevitsky. The matter was not mentioned between

the decedent and her husband. We do not know how much Koussevitsky was impressed by that phrase in the bank's letter of November 18, 1941, which said:

* * * As to the inheritance tax aspect of the matter, if Mrs. Koussevitsky should predecease you, there would be an inheritance tax upon the property coming to you. * * *

We do not undertake to say. But the evidence does show, as we have already said, that this letter was not brought to the attention of Mrs. Koussevitsky and that she and her husband did not discuss the subject of estate taxes when it was decided that the agency account should be made into a joint account with rights of survivorship.

We think, therefore, we must conclude from the evidence that estate taxes played no part in the conversion of the agency account into the joint account. We are also satisfied that the thought of death was not in the decedent's mind in December 1941, when she executed the transfer. The evidentiary facts set out in our findings support this conclusion. We are also satisfied that the real motive for making the change was that stated by Mrs. Koussevitsky herself in the instrument, which was to carry out our "original intention" to hold this property jointly. That was a motive associated with life rather than with death. We hold that the transfer was not made in contemplation of death.

We will now consider item 4. This involves $3,548.98 which was in a joint account at the Cambridge Savings Bank. The parties have stipulated that $2,000 of this amount was contributed by Koussevitsky and should not, therefore, be included in the decedent's gross estate. That leaves $1,400 of principal and $148.98 of interest, which the respondent contends (except for the part of the interest allocable to the $2,000) should be included in the decedent's gross estate under section 811 (e) of the code on the ground that the evidence fails to prove that Koussevitsky also contributed the $1,400. The evidence shows, however, that Mrs. Koussevitsky had no property of her own except that which originally came from her husband. That would seem to be sufficient to exclude also the $1,400 and all the interest from her gross estate. But the evidence also shows that on the days (in one case it was two days earlier) Mrs. Koussevitsky made the deposits in the joint savings account in question she withdrew a sufficient amount from their joint checking account which, when added to the four stipulated amounts of $500 each, was sufficient to make the several deposits here in question.

As to this issue we hold that the evidence shows that the remaining $1,400 in question was also contributed by Koussevitsky, and that no part of item 4 is includible in the decedent's gross estate.

*Decision will be entered under Rule 50.*