## SULLIVAN'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12027.

United States Court of Appeals
Ninth Circuit.

June 24, 1949.

Philip C. Jones and Albert Mosher, Los Angeles, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, and Carlton Fox, Sp. Assts. to Atty Gen., for respondent.

Chas. L. Barnard, Valentine Brookes, Arthur H. Kent, Henry D. Costigan, Robert L. Lipman, Stanley Morrison, Harry Horrow, George H. Koster, Scott Lambert and Samuel Taylor, San Francisco, Cal. (Kent & Brookes, McCutchen, Thomas, Matthews, Griffiths & Greene, Orrick, Dahlquist, Neff & Herrington and Pillsbury, Madison & Sutro, San Francisco, Cal., of counsel), as amicus curiae.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge:

This is a petition to review a decision of the Tax Court which upheld the Commissioner's determination of deficiencies in the petitioner's estate tax return. Two ques-

tions are presented for review: (A) Is the amount of a gift by two joint tenants, husband and wife, to their son, in contemplation of the husband's death, includible in its entirety in the husband's gross estate under 26 U.S.C. § 811(c), 26 U.S.C.A. § 811(c).[1] (B) Where two joint tenants agree to terminate a joint tenancy and henceforth hold the property as tenants in common and transfer each to the other the interest held by each, and this is done in contemplation of death of the decedent, is the entire amount of the property to be included in the gross estate of the deceased joint tenant under § 811(c).

■ All property of decedent and his wife had been held in joint tenancy except for one small parcel of realty held in decedent's name alone. The gift to the son of the wife's and husband's interest in the joint tenancy was made when decedent was 77 years old and suffering from an ailment which caused his death within two months after the gift was made. The termination of the joint tenancy was accomplished by the contract between the spouses a few days later, and at the same time the revision of the wills of decedent and his wife was discussed. A week later new wills were executed by decedent and his wife. This evidence supports the finding that both the gift to the son and the termination of the joint tenancy were joined in by decedent in contemplation of his death. Rule 52(a), Fed.Rules Civil Proc., 28 U.S. C.A. made applicable to review of Tax Court decisions by Section 36 of the Act of June 25, 1948, P.L. 773, 80th Congress 2nd session, 26 U.S.C.A. § 1141(a). The remaining issues are solely questions of law.

A. The Tax Court erred in including the entire joint estate in the gift to the son because, under the California law, he could transfer only a half interest therein.

■ It has long been established that what constitutes an interest in property held by a person within a state is a matter of state law. Fernandez v. Wiener, 326 U.S. 340, 355–357, 66 S.Ct. 178, 90 L.Ed. 116, determining by Louisiana law what is transferred of community property on the death of the husband and the shiftings of interest between the two spouses. Moffitt v. Kelly, 218 U.S. 400, 31 S.Ct. 79, 54 L.Ed. 1086, 30 L.R.A.,N.S., 1179.

One of the factors in an owner's interest in property is the owner's power to transfer it. Congress has the power to impose an excise tax on the transfer when made, but has not enacted any law taxing gifts which determines the quantum of the transfer and thereby makes the state law not controlling.

■ Under the law of California, one joint tenant cannot dispose of anything more than his own interest in the jointly held property. People v. Marshall, 8 Cal. 51; Oberwise v. Poulos, 124 Cal.App. 247, 12 P.2d 156. "During the lives of the tenants, the rules regulating the transfer of their interests are substantially the

---

[1] "Sec. 811. *The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property*, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—* * *

"(c) Transfers in contemplation of, or taking effect at death.—*To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death*, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; *except in case of a bona fide sale for an adequate and full consideration in money or money's worth*. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter." (Emphasis supplied.)

same, whether they hold in joint tenancy or in common. Neither a joint tenant nor a tenant in common can do any act to the prejudice of his co-tenants in their estate." Stark v. Barrett, 15 Cal. 361, 368. Where a joint tenant has purported to convey more than his interest, his transferee is held to have taken only the interest that could be transferred, i. e., the transferor's share. Stark v. Barrett, supra; Swartzbaugh v. Sampson, 11 Cal.App.2d 451, 54 P.2d 73.

It is obvious that the half interest conveyed by the wife was not in contemplation of death. She is still living. .

The decision of the Tax Court is reversed on the issue of the gift to the son.

■■■■ B. The Tax Court erred in holding that, although the joint tenancy was terminated by the contract of decedent and his wife prior to his death, it is taxable under section 811(c) and 811 (e) (1) of the Internal Revenue Code.

Section 811(c). The pertinent portions of the contract are:

"Now, therefore, it is agreed as follows:

"First: That from and after this date all of the real and personal property owned by the parties hereto, whether presently held in joint tenancy or presently owned by either of the parties hereto in his or her own name, shall be owned by each of the parties as follows:

"An undivided one-half interest therein shall be the separate property of Frank K. Sullivan, and Hattie B. Sullivan hereby assigns and transfers to Frank K. Sullivan all of her right, title and interest in and to an undivided one-half interest in the same.

"An undivided one-half interest therein shall be the separate property of Hattie B. Sullivan, and Frank K. Sullivan hereby assigns and transfers to Hattie B. Sullivan all of his right, title and interest in and to an undivided one-half interest in the same."

This contract between the spouses either ipso facto terminated the joint estate of the spouses , cf. McDonald v. Morley, 15 Cal.2d 409, 101 P.2d 690, 129 A.L.R. 810, or it was terminated by the stated transfers inter se of the interests of each of the spouses.

If the contract ipso facto terminated the joint tenancy, without the transfer inter se, it is not taxable under 811(c), which covers only "Transfers in contemplation of, or taking effect at death." If, on the other hand, the contract be construed to involve a transfer, it was a bona fide transfer for money's worth because the younger wife's joint interest transferred to the older husband is worth at least as much as the husband's interest transferred to her.

The Commissioner contends that the sale was not "bona fide" because made in contemplation of death. The wording of the statute shows the contrary, the pertinent portions reading:

"(a) Decedent's Interest.—To the extent of the interest therein of the decedent at the time of his death;

\*  \*  \*  \*  \*  \*

"(c) Transfers in contemplation of, or taking effect at death.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, \* \* \* except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*"

The Commissioner also contends that it was not bona fide because the negotiations between the spouses were not at "arms'· length." There is no evidence to support such a contention. The actual contract is such a fair one to each, that it is of the sort which would be the result of arms'· length bargaining.

The commissioner also contends that under section 811(c) any transfer in contemplation of death is taxable because it, to. that extent, reduces the decedent's estate at his death. The face of the section shows the contrary and the Supreme Court has. so held. There was no compulsion on the co-tenants to continue the joint tenancy so that this taxable event would occur. "The legal right of a taxpayer to decrease the amount of what otherwise would be his. taxes, or altogether avoid them, by means.

which the law permits cannot be doubted." Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 267, 79 L.Ed. 596, 97 A.L.R. 1355. "A taxpayer may arrange his business transactions so they may or may not be taxable under the phraseology of the taxing act." Pacific Southwest Realty Co. v. Commissioner, 9 Cir., 128 F.2d 815, 818.

The Tax Court and the Commissioner rely on the cases of Igleheart v. Commissioner, 5 Cir., 77 F.2d 704; In re Kroger's Estate, 6 Cir., 145 F.2d 901; Estate of Hornor, 44 B.T.A. 1136 and Estate of Koussevitsky, 5 T.C. 650, as authority for the inclusion in decedent's gross estate of any joint property owned prior to decedent's death and transferred in contemplation of death. The factual situations presented in those cases do not resemble the instant case. No one concerned a bona fide transfer for money's worth under 811(c).

Section 811(e) (1). This is a provision not in any way concerned with transfers in contemplation of death, that element of the estate tax statute being disposed of in section 811(c). The pertinent portions of the statute read that estates are to be taxed "To the extent of the interest therein of the decedent at the time of his death," and

811(e) "(1) Joint interest.—To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, * * *."

As seen above, the joint tenancy was terminated before the husband's death.

Hence, as to the joint tenancy, the deceased had no "interest therein * * * at the time of his death."

As stated in United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763, in considering 811(e), then the same as 811(e) (1) here, 306 U.S. at page 367, 59 S.Ct. at page 554, "Congress has the power to levy a tax upon the occasion of a joint tenant's acquiring the status of survivor at the death of a co-tenant," and 306 U.S. at page 371, 59 S.Ct. at page 555, "Until the death of her co-tenant, the wife could have severed the joint tenancy and thus have escaped the application of the estate tax of which she complains * * *."

The Commissioner agrees that section 811(e) (1) has no application, adding respecting the Tax Court's finding "Obviously, that finding is one which is solely designed to bring both the gift and the contract within the contemplation of death provisions of Section 811(c). By contrast, there is no finding either circumstantial or otherwise which would justify the inclusion of the value of the property in the decedent's gross estate under Section 811 (e) (1), so that on its face the taxpayer's contention does violence to the Tax Court's findings and its decision which is based thereon."

The decision of the Tax Court is reversed as to the issue of inclusion in the estate tax of the wife's separate property, and the case remanded to the Tax Court for its further adjudication in accord with this opinion.

Reversed.

STEPHENS, Circuit Judge, did not participate in the decision of this case.