[Civ. No. 16550.   Second Dist., Div. Three.   July 28, 1949.]

Estate of MELLIE M. DARBY, Deceased. NATALIE D.
MARK et al., Appellants, v. STATE CONTROLLER
OF THE STATE OF CALIFORNIA, Respondent.

Conroy, Conroy & Light for Appellants.

James W. Hickey, Chief Inheritance Tax Attorney, J. D. Lear, Assistant Inheritance Tax Attorney, and Morton L. Barker, Deputy Inheritance Tax Attorney, for Respondent.

SHINN, P. J.—This is an appeal from an order overruling the objections of Natalie D. Mark and Louine D. Boyer, legatees and devisees of decedent Mellie M. Darby, to the report of the inheritance tax appraiser, and fixing the amount of an inheritance tax due and payable from them.

The facts are not in dispute. By deed dated August 14, 1924, deceased acquired real property which is the subject of the tax here in controversy for a consideration of $28,500 furnished entirely by her. She was the mother of three children. In 1929, she conveyed the property to a third party, who simultaneously reconveyed to her and her two daughters, Natalie and Louine (appellants here), as joint tenants. The one-third interest thus transferred to each of the daughters was intended as a gift for the purpose of equalizing a gift of $10,000 previously made to their brother James.

The property was held by the mother and two daughters as joint tenants for nearly 17 years. On March 21, 1946, Natalie and her mother conveyed their interests therein to Louine; and on March 25, 1946, Louine reconveyed an undivided one-third interest to her mother, Natalie, and herself, respectively, as tenants in common. These conveyances were made upon the advice of counsel that if upon the date of death of the deceased the property stood in joint tenancy, it was likely that the entire value thereof would be included in the estate of the deceased for inheritance tax purposes. The purpose of these transfers was to destroy the joint tenancy and create a tenancy in common, in order to reduce the potential inheritance tax liability. At the time of the transfers, in March, 1946, decedent had been ill for some time but was not critically ill. She died on September 10, 1946.

After a hearing the court made findings that the transfers in March, 1946, had been made in contemplation of death

with the intent and purpose of avoiding the payment of an inheritance tax which would become due from appellants by reason of their survivorship as joint tenants; and that on the date of Mellie M. Darby's death, appellants were each vested with an undivided one-third interest in said real property, which interests were derived from the decedent without a valuable or adequate consideration. Upon these findings the court confirmed and approved the report of the inheritance tax appraiser assessing a tax upon the value of the one-third interest transferred to each of appellants.

The sole question for our determination is whether the evidence supports the conclusion that the conveyances of March, 1946, were taxable transfers, within the meaning of sections 13641 and 13642 of the Revenue and Taxation Code. Those sections read: "§ 13641. Transfers without consideration. Any transfer specified in this article made during lifetime by a resident or, if the property transferred is within this State, by a nonresident, by deed, grant, bargain, sale, assignment, or gift, without a valuable and adequate consideration, is a transfer subject to this part. . . . 'Valuable and adequate consideration' is a consideration equal in money or in money's worth to the full value of the property transferred." "§ 13642. Same: Transfers made in contemplation of death. A transfer conforming to Section 13641 and made in contemplation of the death of the transferor is a transfer subject to this part. 'Contemplation of death' includes that expectancy of death which actuates the mind of a person on the execution of his will. The term is not restricted to that expectancy of death which actuates the mind of a person making a gift causa mortis."

Upon the face of the quoted provisions, it is evident that taxability thereunder depends upon the concurrence of three essential elements: (1) a transfer (2) without a valuable and adequate consideration (3) made in contemplation of death. It is conceded that the evidence sufficiently shows the 1946 conveyances to have been made in contemplation of death; and we may assume, without deciding, that they constituted a "transfer" within the meaning of the Inheritance Tax Law. (Rev. & Tax. Code, § 13304.) The record contains no evidence, however, which supports the court's finding of a want of a valuable and adequate consideration. The only evidence in point is directly to the contrary. The conveyances in 1929 from mother to daughters were unquestionably valid gifts. Thenceforth, each was the vested owner, in joint

tenancy, of an undivided one-third interest in the property. Their mutual conveyances in March, 1946, were in consideration of reciprocal reconveyances to each of a one-third interest in the property as tenants in common. That such consideration was ''valuable and adequate'' cannot be questioned. Not only was the quantum of interest received identical with that conveyed, but the relinquishment by the daughters of their right to succeed to the entire property on decedent's death was manifestly of greater detriment to them than the relinquishment by decedent, who was much older and in poor health, of her reciprocal right of survivorship. In fact, respondent's brief concedes that appellants ''suffered a much greater detriment than did decedent in relinquishing her reciprocal right to succeed to the property upon their deaths'' and that ''if we were here dealing with an ordinary case, such consideration would appear to be more than adequate.''

Respondent contends that in determining the taxability of the 1946 transfer, ordinary concepts of consideration may not be applied. With reference to transfers in contemplation of death, it is argued that the term, consideration, takes on added meaning due to the state's interest in the potential taxable estate of the transferor. The purpose of the consideration requirement, so it is said, is to ensure that the *taxable value* of the decedent's estate remains unimpaired by *inter vivos* transfers in the nature of testamentary dispositions. Since the entire property, if it had remained in joint tenancy, would have been subject to tax (Rev. & Tax. Code, § 13671), and the present transfer admittedly reduced decedent's taxable estate by two-thirds, the consideration received is claimed to be inadequate, and the transfer accordingly taxable, to an equivalent extent. The argument gives an artificial meaning to the requirement for consideration. The consideration consisted of the interests that passed between the parties, irrespective of the manner in which the tax liability was affected. Respondent may not engraft a supposed legislative intent upon its own interpretation of the term consideration, where to do so would vitiate the clear and unambiguous statutory requirement that the consideration received be ''equal in money or money's worth to the full value of the property transferred.'' (Rev. & Tax. Code, § 13641.) As we have seen, the interest received by decedent fully satisfied this test. Respondent's reasoning,

moreover, would apply equally to a case where the deceased, in contemplation of death, had conveyed her one-third joint tenancy interest to a disinterested purchaser, receiving in return the full cash value thereof. An identical reduction in the taxable estate would result notwithstanding the receipt of full consideration; yet clearly, such a transfer would not be taxable.

Furthermore, respondent's argument assumes the present transfer to have been "made in lieu of or to avoid the passing of property by will or the laws of succession" (Rev. & Tax Code, § 13648), and hence to be taxable within the intention of the Legislature. The assumption is contrary to fact. By the transfer, as made, one method of succession was merely substituted for another. At their mother's death, appellants would no longer succeed to her interest by right of survivorship, and they could acquire that interest only by will or the laws of intestate succession. The transfer was not made to avoid the passing of decedent's interest by will or by the laws of succession, as in the case of the 1929 transfer, but to minimize inheritance tax liability by resorting to one form of succession rather than another. Under no reasonable interpretation does the purpose of the act, as declared in section 13648, extend to the taxation of such a transfer. The law does not forbid the minimization of tax liability by legal means. (*In re Hayes' Estate,* 161 Ore. 1 [86 P.2d 424, 432, 87 P.2d 766]; *Gregory* v. *Helvering,* 293 U.S. 465, 469 [55 S.Ct. 266, 97 A.L.R. 1355, 79 L.Ed. 596]; *Pacific Southwest Realty Co.* v. *Commissioner of Int. Rev.* (9 Cir.) 128 F.2d 815, 818.)

Finally, respondent's argument is opposed to the only reported case directly in point, where with relation to transfers of real property in California, the identical contention, as applied to the Federal Estate Tax Law, was squarely rejected. (*Sullivan* v. *Commissioner of Internal Revenue* (9 Cir., June 24, 1949), 175 F.2d 657, reversing 10 T.C. 961 (May 27, 1948)). Our consideration of the instant appeal has been deferred, awaiting a decision of the Sullivan case, which, the parties agree, is "on all fours" with our own.

The order is reversed.

Wood, J., and Vallée, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 19, 1949.