Herman GLASER, Jr., as Administrator
of the Estate of Herman Glaser, Sr.,
deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 2566.

United States District Court
N. D. Indiana,
South Bend Division.

July 20, 1961.

William O. Jackson, South Bend, Ind., for plaintiff.

Philip Carlton Potts, U. S. Atty., South Bend, Ind., Robert H. Kapp, Marvin B. Haiken, Dept. of Justice, Washington, D. C., for defendant.

GRANT, District Judge.

This is an action to recover estate taxes alleged to have been erroneously assessed against and collected from the estate of plaintiff's decedent, Herman F. Glaser, Sr., with interest thereon, plus an additional amount attributable to attorneys' fees, incurred in this litigation.

The action was submitted on an agreed stipulation of facts. These facts, briefly stated, are as follows:

In 1943 and in 1946, the decedent and his wife conveyed five separate parcels of real estate, which they owned as tenants by the entireties, to their children, and in 1945 another parcel, which decedent, his wife and daughter owned as joint tenants with right of survivorship, was conveyed to another child. The daughter did not join in this conveyance. In each instance the decedent and his wife reserved a life estate in themselves and in the survivor of them. The conveyances were made without consideration, and the entire consideration for the properties was originally furnished by the decedent alone. Also, in 1946, the decedent and his wife conveyed another piece of property, which was owned by the decedent and his wife as tenants by the entireties and which was originally purchased by the decedent out of his own funds, to Roscoe and Anna Van Dien, husband and wife, and in return, as a full and adequate consideration, Roscoe and Anna Van Dien conveyed a piece of property to the decedent and his wife, for and during their joint lives, and for the life of the survivor, with remainder over to their son, Wesley Glaser.

The question presented is: How much of the value of these properties should be included in decedent's gross estate for estate tax purposes. The District Director of Internal Revenue included the full value of all the properties, less the value of the life estate of the widow in one-half thereof. The plaintiff contends that only one-half of the value of the entirety properties and only one-third of the value of the joint property should be so included, and that none of the value of the property in which a joint life estate only was conveyed to the decedent and his wife should be included.

Plaintiff contends that the question as to what amount should be included in the decedent's gross estate is governed exclusively by Section 2036 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2036. In support of his position the plaintiff relies primarily upon the case of Sullivan's Estate v. Commissioner, 9 Cir., 1949, 175 F.2d 657, 658.

In the Sullivan case the decedent and his wife transferred certain property which they owned as joint tenants, to their son, as a gift. The entire consideration was originally furnished by the decedent. The Court found that the gift by the decedent was made in contemplation of death, but the Court further held that under California law one joint tenant cannot dispose of anything more than his own interest in jointly held property and stated:

"The Tax Court erred in including the entire joint estate in the gift to the son because, under the California law, he could transfer only a half interest therein."

The Tax Court has followed the reasoning in the Sullivan case in deciding Estate of Brockway v. Commissioner, 1952, 18 T.C. 488, affirmed 219 F.2d 400; and Estate of Borner v. Commissioner, 1955, 25 T.C. 584.

The Government contends that Sections 2036 and 2040 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 2036, 2040, read together, indicate that the entire value of the properties (less the value of the life estate of the wife in one-half thereof), is includible in the decedent's gross estate. The Government at-

torney argues that the entire value must be included because, had the decedent died immediately before the transfer, the entire value would have been included since decedent had furnished all of the consideration, and therefore, they contend, that death, occurring after the transfers, the same amount should be included because the decedent retained full control of the property as well as the right to all of the benefits and income from the property for a period not ascertainable without reference to his death.

The Government seems to be contending that the decedent, after the transfers, remained in the same position, as far as the legal effect of the transactions. Actually, the Government is alleging that although in form the transactions destroyed the tenancies-by-the-entireties, and the joint tenancy, leaving the decedent with one-half and one-third of the interests he previously owned, in substance decedent retained the same interest that he possessed beforehand, and therefore, the entire value of the properties, (less the value of the life estate of the wife in one-half thereof) should be included in the gross estate.

■ The decisions support the plaintiff's case. Section 2040 has no application where the property held by the entireties or in joint tenancy with right of survivorship is transferred before death. Sullivan's Estate v. Commissioner, 9 Cir., 1949, 175 F.2d 657. It is also well to note at this point that the Treasury Regulations on Estate Taxes, Section 20.2040–1 rule that:

"A decedent's gross estate includes under section 2040 the value of *property held jointly at the time of decedent's death* by the decedent and another person or persons with right of survivorship * * *." (Emphasis supplied.)

After the respective conveyances, the tenancies-by-the-entireties and the joint tenancy were destroyed and therefore, at the time of decedent's death there did not exist a joint interest to which Section 2040 could apply.

■ Even standing alone, without the aid of Section 2040, the Government's position must also fail. Before the tenancies-by-the-entireties which existed between the decedent and his wife were severed by their respective conveyances, each of the tenants had an equal interest, under Indiana law, in the properties, and neither tenant could convey or make a transfer of a greater interest than he or she owned or had a right to transfer, namely, a one-half interest.

■ The same principle applies to the property which the decedent and his wife and daughter owned as joint tenants with right of survivorship. Before the joint tenancy was severed by the conveyance each tenant owned a one-third interest, under Indiana law, and the decedent could not convey or make a transfer of a greater interest than he owned or had a right to transfer, namely, a one-third interest.

■■ If the Government were to rely simply on Section 2036 it would have to find that the decedent retained an interest in the entire property, but, as pointed out above, the decedent's interest, which included the entire value of the property because he furnished the entire consideration, was destroyed upon the conveyance by himself and his wife, and therefore, since his wife had an interest in half the property the decedent could only have an interest in the other half, and by retaining a life estate, he only retained an interest in the half of the property that he could convey.

■ Taxpayers are not compelled to continue joint interests so that the taxable event would occur. "The legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted." Gregory v. Helvering, 1935, 293 U.S. 465, 469, 55 S.Ct. 266, 267, 79 L.Ed. 596.

This Court agrees with the Government that the type of transaction involved here could easily be used by a taxpayer in an attempt to avoid estate taxes, but this Court also feels that if the word-

ing of the statute does enable tax avoidance, as it appears to do, it is not for this Court to write into the statute what it believes to be the correct rule, but rather, it is up to Congress to decide whether or not the instant situation should result in the inclusion of the properties in the gross estate.

 In regard to the seventh parcel of real estate, the Government relied upon Lehman v. Commissioner, 2 Cir., 1940, 109 F.2d 99, to support its theory that the property was includible in the decedent's gross estate as a transfer under Section 2036. The Government contends that because of the Lehman case the estate tax law would treat the transaction in this case as if the transfer emanated from the decedent and his wife and as if they retained a life interest in the property. This Court is of the opinion that the Lehman case is inapplicable and that the decedent and his wife purchased a joint life estate for themselves and the remainder interest for their son, Wesley, as a gift. The remainder interest was conveyed directly to Wesley by the sellers. It is clear that this transaction does not constitute a transfer by the decedent within the meaning of Section 2036.

Because of the foregoing, the decision of this Court is that only one-half of the value of the entirety properties, transferred by the decedent and his wife, should be included in decedent's gross estate; only one-third of the value of the joint property, transferred by the decedent and his wife, should be included in decedent's gross estate and none of the value of the property in which a joint life estate only was conveyed to the decedent and his wife, should be included in decedent's gross estate. Plaintiff is also entitled to a reasonable allowance for attorneys' fees as an administrative expense, to be computed by the parties in accordance with their stipulation.

It is therefore ordered that plaintiff is entitled to a judgment against the defendant in a sum to be agreed upon by the parties in accordance with the stipula-

tion, or to be determined by the Court from separate computations to be submitted by the parties and filed with the Clerk of this Court within 30 days from the date hereof.

### Judgment

Judgment will be entered for the plaintiff in an amount, including an allowance for reasonable attorneys' fees, as an administrative expense, to be computed in accordance with this opinion.