ESTATE OF LOUISE H. MAY, DECEASED, NORMAN T. MAY, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of May v. Commissioner
Docket No. 8451-75.
United States Tax Court
T.C. Memo 1978-20; 1978 Tax Ct. Memo LEXIS 497; 37 T.C.M. (CCH) 137; T.C.M. (RIA) 780020; January 18, 1978, Filed Norman T. May (executor), for the petitioner. Barry J. Laterman, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $10,194.99. Other issues having been disposed of by agreement of the parties, the sole issue remaining for decision is whether jointly held property, transferred in trust and subject to a joint power of revocation, and in which the grantors reserve the income for their joint lives and the life of the survivor, is treated for estate tax purposes as jointly held property under section 2040, [1] or as either a transfer with a retained interest under section 2036 or a revocable transfer under section 2038. All of the facts have been stipulated and are so found. Louise H. May ("decedent") resided in West Roxbury, Massachusetts, prior to her death. Norman T. May, executor of the estate, resided in Lexington, Massachusetts, at the time of the filing of this *499 petition. Over a period of years, decedent's husband accumulated assets, primarily stocks, which decedent and her husband held as joint tenants with survivorship rights. Decedent was never employed and contributed nothing to the jointly owned property. On or about July 8, 1968, decedent and her husband, who were then 74 and 68 years of age, respectively, executed a joint declaration of trust by which they transferred to a trust the jointly owned property. The trust agreement provided in part: FIRST: So much of the net income and principal as the Trustee may determine from time to time or as the Donors may request in writing, shall be paid to or applied for the benefit of the Donors while both are living. Any such income not so paid or applied may be added to the principal of the Trust Fund or held as accumulated income for later disposition as hereinbefore provided. SECOND: So much of the net income and principal as the Trustee may determine from time to time or as the surviving Donor may request in writing, shall be paid to or applied for the benefit of the surviving Donor after the death of the other Donor. Any such income not so paid or applied may be added to the principal *500 of the Trust Fund or held as accumulated income for later disposition as hereinbefore provided. * * *
THIRTEENTH: This Trust may be amended or revoked by us at any time, by a writing delivered to the Trustee hereunder, effective four months after the day of delivery unless earlier revoked. An Amendment shall take effect only when it has also been signed by the Trustee. Decedent died on November 15, 1972. Her husband survived her. The value of the assets held in the trust was $380,062.92 on the alternate valuation date. On the Federal estate tax return filed on behalf of decedent's estate, no portion of the value of the trust corpus was included in decedent's gross estate. Respondent in his statutory notice determined that one-half of the value of the trust corpus was includible in decedent's gross estate under section 2036 or 2038. The present controversy centers around the applicability of sections 2040, 2036 and 2038 to decedent's interest in the trust. The particular question is whether the transfer in trust of the jointly held stock destroyed decedent's joint property interest therein so as to preclude application of section 2040, while triggering application *501 of either section 2036 or 2038. If, as petitioner claims, the transfer in trust did not destroy decedent's joint interest in the stock, then under section 2040[2] no portion of the trust corpus is includible in decedent's gross estate since her husband supplied 100 percent of the consideration for the trust assets. On the other hand, if the transfer in trust destroyed decedent's joint interest in the stock, as respondent claims, then under either section 2036 or 2038[3] one-half of the trust corpus is includible in her gross estate. *502 Respondent asserts that section 2040 is inapplicable since the transfer of the jointly held property to the trust destroyed the joint tenancy. In support of his contention respondent relies on three Circuit Courts of Appeal decisions and a District Court decision which held that severance of a joint tenancy or tenancy by the entireties prior to death precluded application of section 2040. [4] We are of the opinion that respondent's reliance on these cases is misplaced. In each case cited by respondent and in other cases [5] where the Court reached a similar conclusion, an irrevocable transfer was held to have destroyed the joint tenancy. *503 In this case, however, decedent and her husband retained a joint power to revoke, alter or amend the trust, as well as a power to withdraw principal. In similar cases involving revocable transfers, we have held that if the grantor retains the power to revoke, the joint tenancy is not destroyed. In Estate of Hornor v. Commissioner,44 B.T.A. 1136 (1941), affd. 130 F. 2d 649 (3rd Cir. 1942), the decedent and his wife transferred property held in tenancy by the entirety to a trust which was revocable by joint action of both tenants during their joint lives, reserving the income for their joint lives and the life of the survivor. The decedent had furnished all the consideration for the purchase of the transferred property. On the theory that retention of a power of revocation negated the attempted severance of the joint ownership for federal estate tax purposes, we held that the entire value of the trust assets was includible in the decedent's gross estate under section 302(e) of the Revenue Act of 1926. [6] Similarly, in Estate of Derby v. Commissioner,20 T.C. 164 (1953), *504 we rejected the petitioner's contention that a transfer to a trust of property held in tenancy by the entirety severed the joint ownership for federal estate tax purposes. In that case as in this, the transfer could be revoked by joint action of both tenants during their joint lives. Decedent had furnished the entire consideration for the property. We concluded that the entire value of the trust assets was includible in the decedent's gross estate under section 811(e) of the Internal Revenue Code of 1939. [7] We are of the opinion that the instant case is indistinguishable from Estate of Hornor and Estate of Derby. For federal estate tax purposes, decedent's joint interest in the transferred property was not severed because the grantors retained the power to revoke the trust. As a consequence, we hold that section 2040, rather than section 2036 or 2038, governs the federal estate tax consequences to decedent's estate and, accordingly, no portion of the value of the trust assets is includible in decedent's gross estate. *505 Because of concessions made by petitioner, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect at the time of decedent's death.↩
2. Section 2040 provides in part: The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: * * * ↩
3. Section 2036 provides in part: (a) General Rule.--The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death-- (1) the possession or enjoyment of, or the right to the income from, the property, or * * *
Section 2038 provides in part: (a) In General.--The value of the gross estate shall include the value of all property-- (1) Transfers after June 22, 1936.--To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death. * * *↩
4. United States v. Heasty,370 F. 2d 525 (10th Cir. 1966); Glaser v. United States,306 F. 2d 57 (7th Cir. 1962); Sullivan's Estate v. Commissioner,175 F. 2d 657 (9th Cir. 1949), rev'g 10 T.C. 961 (1948); Miller v. United States,325 F. Supp. 1287↩ (E.D. Pa. 1971). 5. Estate of Carnall v. Commissioner,25 T.C. 654 (1955); Estate of Borner v. Commissioner,25 T.C. 584 (1955); Estate of Brockway v. Commissioner,18 T.C. 488 (1952), affd. on other issues 219 F. 2d 400↩ (9th Cir. 1954).
6. Section 302(e) of the Revenue Act of 1926, ch. 27, 44 Stat. 70, provided in part: The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated-- * * *
To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: * * * ↩
7. Section 811(e), I.R.C. 1939 provided in part: The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States-- * * *
To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: * * *↩