ESTATE of Ross H. COMPTON, Deceased, by First National Bank of Middletown, Executor, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 75–1793.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 11, 1975.

Decided April 7, 1976.

William E. Rathman, Middletown, Ohio, for petitioner-appellant.

Scott P. Crampton, Loring W. Post, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Gilbert E. Andrews, Francis J. Gould, Tax Div., Dept. of Justice, Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

PECK, Circuit Judge.

This appeal challenges a tax court decision upholding the determination of the Commissioner of Internal Revenue that decedent's estate tax return showed a deficiency of $6,992.42.

The facts of the case were largely stipulated. The decedent was employed by Armco Steel Corporation as a project engineer from 1959 until his death on January 17, 1971. As a fringe benefit of this employment, decedent was issued two group term life insurance policies, all premiums to be paid by Armco. On August 1, 1960, Equitable Life Assurance Society of the United States issued a group term policy covering decedent. This policy was replaced by a new policy on June 19, 1970. Decedent's certificate evidencing participation in the Equitable plan had a face amount of $22,500. On July 9, 1968, the Union Central Life Insurance Company issued a group term life insurance policy covering decedent. Decedent's certificate evidencing participation in the Union Central plan was in the face amount of $28,500.

Neither of these plans provided for any cash, loan or paid-up value to the covered employee.

Initially the decedent designated his wife as beneficiary under both plans. However, on October 1, 1969, decedent substituted his estate as beneficiary, and on October 2, 1969, decedent assigned all his rights, title, claim, interest and benefit in these policies to his wife, who on October 3, 1969, designated herself as primary beneficiary and their three minor children as contingent beneficiaries. On December 1, 1970, decedent executed a will and revocable trust and his wife executed a will.

In the years prior to his death, the decedent had made certain gifts to his wife, including: in 1960, 113 shares of Cameron Machine Company, and; in 1959, when decedent and his wife purchased their home as tenants in common, decedent paid the entire $8,000.00 downpayment. At the time of his death, decedent was 46 years old. He had no history of operations, hospitalizations, or heart disease, and had participated actively in sports, including tennis, golf, swimming and skiing. He died suddenly from a heart attack.

The Internal Revenue Service determined that the decedent's assignments of the group term life insurance policies to his wife, about 15 months prior to his death, were made in contemplation of death, and therefore the proceeds were includable in decedent's gross estate under Section 2035 of the Internal Revenue Code.

■ Because the insurance policy assignments occurred within three years of death, Section 2035(b) establishes a rebuttable presumption that they were made in contemplation of death. The dominant purpose of this provision is to reach substitutes for testamentary dispositions and thus prevent evasion of the estate tax. *United States v. Wells,* 283 U.S. 102, 116–7, 51 S.Ct. 446, 451, 75 L.Ed. 867, 875 (1931); *In re Kroger's Estate,* 145 F.2d 901, 906–7 (6th Cir. 1944). "A transfer may be 'in contemplation of death' within the meaning of the statute even though not induced by a fear of immi-

nent death." *Cleveland Trust Co. v. United States,* 421 F.2d 475, 478 (6th Cir.), *cert. denied,* 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46 (1970). Whether the dominant motive in making a transfer was the thought of death or a purpose normally associated with life is a question of fact to be determined from a consideration of all the facts and circumstances in each case. *Allen v. Trust Co. of Georgia,* 326 U.S. 630, 636, 66 S.Ct. 389, 392, 90 L.Ed. 367, 370 (1946); *Davidson's Estate v. Commissioner,* 158 F.2d 239, 243 (10th Cir. 1946); *Estate of Maurice H. Honickman,* 58 T.C. 132, 135 (1972).

██ The taxpayer opposing imposition of the estate tax has the burden of proving a negative, that the subject transfer was *not* in contemplation of death. "This is seldom a light burden, and where the property transferred is so inherently death-oriented as life insurance, it is even heavier. The burden is generally carried by producing substantial evidence that the decedent's dominant motive for making the transfer was to accomplish some specific lifetime purpose." *Berman v. United States,* 487 F.2d 70, 72 (5th Cir. 1973).

██ While the facts in this case show a relatively young man in apparent good health, "[i]t is not enough for the estate to show that decedent was in good health and did not anticipate immediate death." *Berman v. United States, supra* at 73. The appellant argues that the facts also establish a pattern of lifetime gift giving by the decedent to his wife, and that the transfer of the insurance policies was another in this series of gifts, given with the purpose of enabling decedent's wife to make life associated financial plans. *Landorf v. United States,* 408 F.2d 461, 187 Ct.Cl. 99 (1969). The tax court found that the decedent's gifts were not substantial or frequent enough to establish such a pattern. Furthermore, the tax court stated that it was "not persuaded that the group term policies significantly affected Joan's ability to plan

her estate, or, that if they did, they did so in any sense other than in protecting her estate against the eventuality of decedent's death." We must affirm these findings of the tax court unless we can hold them to be clearly erroneous. *Commissioner v. Duberstein,* 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

██ After a review of the facts and circumstances of this case, we conclude that the tax court's findings cannot be said to be clearly erroneous, and moreover we agree with the tax court that appellant failed to satisfy its burden of persuasion that the transfers in question were not made in contemplation of death. The property in question was inherently death-oriented; the policies provided no present benefit in the form of cash, loan or paid-up value; and the evidence of appellant is insufficient to establish a dominant, controlling and compelling reason for the assignment of the policies unrelated to the possibility of decedent's death.[1]

The judgment of the tax court is affirmed.

---

1. Taxpayer's brief suggests as a lifetime motive the possibility that the holder of the policies could use them as collateral in obtaining a loan from a financial institution. However, a review of the record reveals no proof as to this, or as to whether this was an actual consideration in decedent's transfer of the policies.