**ESTATE of James R. LOWE, Deceased.**

**CROCKER NATIONAL BANK, James R. Lowe, Jr. and Margot H. Lowe, Co-Executors, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 76–2105.

United States Court of Appeals, Ninth Circuit.

June 3, 1977.

Bruce M. Casey, Jr., argued, Chickering & Gregory, San Francisco, Cal., for appellants-petitioners.

Lemuel Matthews, Jonas, Matthews, King & Mahan, San Francisco, Cal., Jeffrey S. Blum, Atty., argued, Tax Div.—Leonard

---

J. Henzke, Jr., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before MERRILL and CHOY, Circuit Judges, and BONSAL,* District Judge.

PER CURIAM:

The sole issue on appeal is whether the Tax Court erred in finding that the value of certain property transferred in trust is includable in the gross estate of decedent James Lowe as having been transferred by him "in contemplation of death" within the meaning of the former version of Int.Rev. Code of 1954, § 2035.[1] We affirm.

Since the property was transferred for less than adequate consideration within three years of Lowe's death, it is presumed to have been transferred in contemplation of death "unless shown to the contrary." Id. § 2035(b). See First Nat'l Bank v. United States, 488 F.2d 575, 576 (9th Cir. 1973); Estate of Compton v. C. I. R., 532 F.2d 1086, 1087 (6th Cir. 1976); Berman v. United States, 487 F.2d 70, 72 (5th Cir. 1973). The Tax Court held that the estate had not met its burden of proving to the contrary, and it found that the transfer in trust was made by Lowe "in contemplation of death." See Allen v. Trust Co., 326 U.S. 630, 635–36; 66 S.Ct. 389, 90 L.Ed. 367 (1946); United States v. Wells, 283 U.S. 102, 115–20, 51 S.Ct. 446, 75 L.Ed. 867 (1931); Gillette's Estate v. C. I. R., 182 F.2d 1010, 1015 (9th Cir. 1950). Having given due consideration to the factors advanced by the parties—including Lowe's state of health at the time of the transfer, his previous marriages and eventual third marriage, and the numerous wills, codicils, and inter vivos trusts which he executed between 1961 and his death in 1969—we cannot say

that the Tax Court's finding of fact, see Allen, supra at 636, 66 S.Ct. 389, is clearly erroneous. Fed.R.Civ.P. 52(a); Int.Rev. Code of 1954, § 7482(a); Gillette's Estate, supra at 1013–14 (applying former § 1141(a), now § 7482(a)); Sullivan's Estate v. C. I. R., 175 F.2d 657, 658 (9th Cir. 1949) (same); Estate of Compton, supra at 1088.

AFFIRMED.

* Honorable Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

1. Section 2035 has recently been amended. See Tax Reform Act of 1976, Pub.L. 94–455, Title XX, § 2001(a)(5), 90 Stat. 1848. Includability under the revised § 2035 no longer turns on a construction of the prior statutory phrase "in contemplation of death." The amendments to § 2035, however, are not applicable to transfers made before January 1, 1977. See Tax Reform Act of 1976, § 2001(d)(1), 90 Stat. 1854. The transfer in trust at issue in the instant case took place in 1967.