ESTATE OF MARGARET SENA, MARY ROSSI, Executrix, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Sena v. Commissioner
Docket No. 11044-77.
United States Tax Court
T.C. Memo 1980-433; 1980 Tax Ct. Memo LEXIS 161; 41 T.C.M. (CCH) 67; T.C.M. (RIA) 80433; September 25, 1980, Filed *161 Held, transfers of property by the decedent within 3 years of her death were made in contemplation of death. Robert B. Milgroom, for the petitioner. Barry J. Laterman, for the respondent. SIMPSON
MEMORANDUM *162 FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $21,026.23 in the petitioner's estate tax. The only issue for decision is whether transfers of certain real estate made by the decedent within 3 years of her death are includable in her estate as transfers made in contemplation of death. FINDINGS OF FACT Some of the facts were stipulated, and those facts are so found. The decedent, Margaret Sena, died on January 26, 1974, and was a resident of Lynn, Mass., at the time of her death. The executrix of her estate, Mary Rossi, filed a Federal estate tax return for the decedent's estate in August 1974 with the Internal Revenue Service Center, Andover, Mass. Mrs. Rossi resided in Lynn, Mass., at the time she filed the petition in this case. The decedent was born in Italy in 1892 and was 81 years of age when she died from cerebro-vascular arteriosclerosis. During the 3 years prior to her death, she had been admitted to the hospital on five occasions: in December 1971, August 1972, August 1973, December 1973, and again in January 1974, when she eventually died in the hospital. The decedent's length of stay in the hospital varied from *163 a minimum of 5 days to a maximum of 9 days, and she was treated for ailments such as diverticulitis, angina pectoris, hypertensive heart disease, and congestive heart failure. On June 13, 1968, the decedent executed a will in which she devised to her son, Norman Sena, the following properties in Lynn, Mass.: 38 Estes Street, 44 Estes Street, Lot Number "B" on Fortesque Terrace, 8 and 10 Fortesque Terrace, and 12 and 14 Fortesque Terrace. The decedent also devised the property at 32 Chestnut Street, Lynn, Mass., to Ruth Sena, the wife of Norman Sena. In her will, the decedent also devised the property at 281 and 281-1/2 Essex Street, Lynn, Mass., to her daughter, Mary Rossi, and the property at 7, 9, and 15 Fortesque Terrace in Lynn, Mass., to her daughter, Doris Sena O'Connell. On July 29, 1970, Norman Sena died. On April 23, 1973, the decedent executed a deed which conveyed the property at 281 and 281-1/2 Essex Street to Mary Rossi. On June 30, 1973, the decedent executed another deed which conveyed the following properties to Ruth Sena: 38 Estes Street, 44 Estes Street, 32 Chestnut Street, 8 and 10 Fortesque Terrace, and 12 and 14 Fortesque Terrace. The Federal estate *164 tax return for the estate of the decedent reported that she owned no real estate at the time of her death and that she had made no transfers of property during her life. In his notice of deficiency, the Commissioner determined that the properties transferred by the decedent to Mrs. Rossi and Mrs. Sena in 1973 were transfers in contemlation of death for which no consideration was given to the decedent. Accordingly, he included in the decedent's gross estate the value of such properties at the date of her death. OPINION The sole issue for decision is whether the transfers of property by the decedent to Mrs. Rossi and Mrs. Sena in 1973 were transfers made in contemplation of death within the meaning of section 2035 of the Internal Revenue Code of 1954. As in effect at the time of the decedent's death, section 2035(a) provided that the value of an estate included "the value of all property * * * of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth) * * * in contemplation of his death." [1] At that time, section 2035(b) provided in part: "If the decedent within *165 a period of 3 years ending with the date of his death (except in case of a bona fide sale for an adequate and full consideration in money or money's worth) transferred an interest in property, * * * such transfer * * * shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section." Section 2035 was intended "to reach substitutes for testamentary dispositions and thus to prevent evasion of the estate tax." United States v. Wells,283 U.S. 102, 117 (1931). Section 2035(b) created a rebuttable presumption that the transfers within 3 years before death were made in contemplation of death. Estate of Honickman v. Commissioner,58 T.C. 132, 135 (1972), affd. without pub. opinion 481 F. 2d 1399 (3d Cir. 1973). The burden is on the estate or party challenging the determination of the Commissioner *166 to prove that such transfers by the decedent were not in contemplation of death. Estate of Gerard v. Commissioner,57 T.C. 749, 757 (1972), affd. per curiam 513 F. 2d 1232 (2d Cir. 1975). The resolution of the issue before us turns on whether the decedent's dominant motive for making the transfers, as determined from all the facts and circumstances, was the thought of death or a purpose normally associated with life. United States v. Wells,283 U.S. at 118; Estate of Gerard v. Commissioner,supra at 758. In Estate of Johnson v. Commissioner,10 T.C. 680, 688-689 (1948), this Court stated that the factors to be considered in determining the dominant motive of a decedent in making an inter vivos transfer of property include: (1) the age of the decedent at the time of the transfer; (2) the decedent's health; (3) the interval between the transfer and the decedent's death; (4) the amount of property transferred in proportion to the amount of property retained; (5) the existence of a general testamentary scheme of which the transfers were a party; (6) the relationship of the donee to the decedent; and *167 (7) the existence of a long-established gift-making policy on the part of the decedent. In support of its position, the estate presented witnesses who claimed that the decedent was merely carrying out an agreement with her daughter and daughter-in-law when she made the transfers of properties to them. According to their testimony, there was a contest over the will of the decedent's husband who died in 1967, and as a part of the settlement of that contest, the decedent agreed to give the properties to Mrs. Rossi and to Norman and Ruth Sena in return for their promise to take care of her during her life. Mrs. Rossi and Mrs. Sena both testified that they did indeed care for the decedent, providing her with money, groceries, medication, and other things. They assert that additional evidence of the decedent's donative intent is provided by four gift tax returns for the years 1968 through 1971, purportedly made out to accomplish the decedent's desire to transfer the properties in issue to Mrs. Rossi and Mrs. Sena through a series of gifts.
After careful consideration of all the evidence in the record, we are not persuaded that the transfers at issue were not in contemplation of death. *168 It is well established that in cases of this type, the age and health of the decedent, while not decisive, must be given considerable weight in ascertaining the dominant motive for a decedent's transfer of property within the 3-year period prior to death. United States v. Wells,283 U.S. at 117; Estate of Lowe v. Commissioner,64 T.C. 663, 673 (1975), affd. per curiam 555 F. 2d 244 (9th Cir. 1977); Estate of Johnson v. Commissioner,supra at 688. Here, the decedent was 81 years old at the time the properties were transferred, and she had been hospitalized twice with serious illnesses. In addition, the transfer to Mrs. Rossi was identical to the disposition of the property which the decedent had included in her will, and the properties transferred to Ruth Sena would have been transferred to Norman and Ruth Sena under the decedent's will.See Cleveland Trust Company v. United States,421 F. 2d 475, 478 (6th Cir. 1970). Moreover, it is significant that although the witnesses claimed that the transfers were pursuant to a promise made in 1968, the transfers at issue were not made until almost 5 years *169 after the alleged promise, and they were not made until the health of the decedent had declined and not until 8 months prior to her death. Also, the transfers at issue constituted a large portion of her estate, and there is no evidence that she ever made gifts prior to the transfers at issue. The evidence on which the estate relied was not convincing. The testimony concerning the support furnished the decedent by Mrs. Rossi and Mrs. Sena was general and vague and fell far short of establishing that the transfers to them were for "adequate and full consideration in money or money's worth." Also, Mrs. Rossi and Mrs. Sena claimed that they reported the income from the properties at issue, but they did not produce their tax returns showing that such income had been reported by them. In addition, the alleged gift tax returns were never filed with the Internal Revenue Service, and three of the four alleged returns are undated. Although such documents purported to reflect gifts of portions of the properties at issue, deeds transferring title to such portions of such properties were never executed and filed prior to the transfers in 1973. Thus, the evidence shows that although the *170 decedent may have considered making gifts of the properties at an earlier time, she actually failed to carry out such plan until she was near death. In conclusion, the estate was given every opportunity to present evidence on the issue of whether the transfers by the decedent in 1973 were made in contemplation of death, and the evidence presented by it is insufficient to satisfy its burden of proving that such transfers were not in contemplation of death. Accordingly, we hold that the value of the properties transferred by the decedent in April and June of 1973 to Mrs. Rossi and Mrs. Sena is includable in her gross estate under section 2035. Decision will be entered for the respondent. Footnotes
1. Any reference to sec. 2035 in this opinion is a reference to the provisions as in effect at the time of the decedent's death.However, for decedents dying after Dec. 31, 1976, sec. 2035↩ has been amended by sec. 2001(b) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1848.